DAVID GOMPERS, administrator,[1] vs. JEFFREY J. FINNELL & another.[2]

No. 91-P-1005.

Middlesex. March 12, 1993. - July 30, 1993.

Present: ARMSTRONG. BROWN. & PORADA. JJ

*Negligence*, Motor vehicle. *Proximate Cause. Evidence*, Hospital record, Expert opinion.

At the trial of a tort action arising from a motor vehicle accident in which the plaintiff's decedent was involved, the jury were warranted in finding that the neck, shoulder, and hand problems experienced by the plaintiff's decedent were causally linked to the collision. [92]

At the trial of a tort action arising from a motor vehicle accident, the judge erred in admitting in evidence certain typed interlineations on forms accompanying hospital and clinic bills offered by the plaintiff under the authority of G. L. c. 233, § 79G, which stated that the personal injuries for which services were rendered were sustained "as a result of [the] accident," where the interlineated material was, in each instance, an extraneous opinion, furnished by one who was not a physician or dentist, as to proximate cause. [93-95]

CIVIL ACTION commenced in the Superior Court Department on March 17, 1989.

The case was tried before *Wendie I. Gershengorn*, J., and a motion for a new trial was heard by her.

*Kevin D. McElaney* for the defendants.

*Kathleen M. O'Donnell* for the plaintiff.

ARMSTRONG, J. Four years before her death from cancer in 1990, Caroline Gompers, the plaintiff's decedent, while waiting in her automobile to make a left turn, was struck in the rear by the defendants' truck. The collision caused her head and right shoulder to strike the dash and windshield, knock-

[1]Of the estate of Caroline Gompers.

[2]Otis Elevator Company.

ing her unconscious. She was taken by ambulance to the emergency room of a hospital. She was X-rayed (interpreted as normal), diagnosed as having suffered right-shoulder, soft-tissue contusions, and released from the hospital the same day. Six days later she consulted an orthopedist for pain in her neck and both shoulders. X-rays were again interpreted as normal, and she underwent four months of physical therapy to alleviate the pain. During the few remaining years of her life she consulted medical practitioners intermittently (with one gap of fourteen months and another of twelve months) for neck and shoulder pains and numbness and tingling in her hands. She underwent various diagnostic tests, which failed to uncover an objective basis for the symptoms.

The defendants appeal from a jury verdict of $114,000 recovered by her administrator. They concede that the evidence was sufficient to establish their liability for any injuries that may have resulted from the accident, but they contest vigorously, as they did at trial, the sufficiency of the evidence to link causally the ongoing neck, shoulder, and hand complaints to the accident. They also challenge the admissibility of certain evidence used to establish the link — hospital and clinic bills certified under G. L. c. 233, § 79G.

The first point is without merit. The deceased, in her deposition which was admitted in evidence, testified that the neck and shoulder pains that troubled what were to be the final years of her life did not manifest themselves prior to the accident and were continuous, although with variations in intensity, thereafter. The plaintiff's expert, Dr. Aranoff, expressed the opinion that the neck and shoulder symptomatology that he treated in 1989 was the result of the accident and that the various other medical treatments represented by the several bills were all addressed, with limited success, to the same ongoing symptoms. On this evidence the jury could properly find that, despite the lapses of time between visits to treatment centers and despite other possible causes — the cancer in particular — the neck, shoulder, and hand-tingling problems resulted from the collision.

More troublesome is the admission in evidence of the hospital and clinic bills. These were offered under the authority of G. L. c. 233, § 79G, each accompanied by a form prepared for use under § 79G, in which an authorized agent of the hospital or clinic swears under penalty of perjury that the hospital or clinic rendered particular services to an injured person — here Gompers — for the injury and that "the charges for the services were necessary, fair, and reasonable." Each of the eight forms was subscribed and sworn to by a person identified not as a physician but as an authorized agent of the vendor, and each had a typed interlineation stating that the personal injuries for which the services were rendered were sustained "as a result of an accident which occurred on or about 5/7/86" — that being the date of the collision.

The interlineated material should not have been admitted in evidence. Nothing in § 79G authorizes one not a physician or dentist to offer an expert opinion that a patient's physical symptoms resulted from a particular accident or incident. Section 79G, as amended through St. 1985, c. 323, authorized the admission of hospital bills, sworn by the hospital's agent to have been charged for itemized services, as evidence that the charges were necessary, fair, and reasonable. See *Victum* v. *Martin*, 367 Mass. 404, 408 (1975). In 1988, § 79G was broadened to authorize the admission both of the bill and the accompanying treatment records, with a similar sworn certificate. G. L. c. 233, § 79G, as appearing in St. 1988, c. 130.[3] Under the amended statute, the agent's

---

[3]As amended, § 79G in relevant part reads as follows:

"In any proceeding commenced in any court, commission or agency, an itemized bill and reports, including hospital medical records, relating to medical, dental, hospital services, prescriptions, or orthopedic appliances rendered to or prescribed for a person injured, or any report of any examination of said injured person, including, but not limited to hospital medical records subscribed and sworn to under the penalties of perjury by the physician, dentist, authorized agent of a hospital or health maintenance organization rendering such services or by the pharmacist or retailer of orthopedic appliances, shall be admissible as evidence of the fair and reasonable charge for such services or the necessity of such services or

certificate still makes the bill admissible as evidence that the charges were fair and reasonable and the services were necessary. The amended statute goes on, apparently with reference to the accompanying records, to make admissible "the diagnosis of said physician or dentist, the prognosis of such physician or dentist, the opinion of said physician or dentist as to proximate cause of the condition so diagnosed, [and] the opinion of such physician or dentist as to disability or incapacity, if any, proximately resulting from the condition so diagnosed." G. L. c. 233, § 79G, as appearing in St. 1988, c. 130.

The contemplation of the statute is that the certificate of the agent establishes authenticity of the bill and the accompanying treatment records. The statute, without further certification of the agent, makes the bill itself evidence that the itemized services were necessary and the charges fair and reasonable. The amended statute also gives evidentiary weight, as an exception to the hearsay rule, to the medical diagnoses and other opinions expressed in the treatment records. It does not, however, authorize the admission in evidence of extraneous opinions supplied by the authorized agent of a hospital. The interlineated material was, in each instance, such an opinion, furnished by one not a physician or dentist, as to proximate cause. Such opinions, on proper objection, should not have been received in evidence.

Counsel for the defendant objected to the admission of the hospital and clinic bills and records specifically because of the inadmissible interlineations. In form, the objection was to the admission of the proffered material as a whole, most of which was admissible. See *Wagman* v. *Ziskind*, 234 Mass. 509, 511 (1920). We are reluctant to differentiate, however, between an objection to the admission of a generally admissible document because it contains specified inadmissible mat-

treatments, the diagnosis of said physician or dentist, the prognosis of such physician or dentist, the opinion of such physician or dentist as to proximate cause of the condition so diagnosed, the opinion of such physician or dentist as to disability or incapacity, if any, proximately resulting from the condition so diagnosed . . . ."

ter, and an objection to the admission of so much of the document as contains the specified matter, which would be unassailable in form. The inadmissible material having been identified, the judge should not have admitted the bills until the inadmissible material was redacted. See 1 Wigmore, Evidence § 18 (Tillers rev. ed. 1983). It was error to overrule the objection simply because the bills were generally admissible. Because the inadmissible opinions went to a central issue in the case, as to which the two expert witnesses were in sharp dispute, we have no basis for deeming the errors harmless. Compare *Grant* v. *Lewis/Boyle, Inc.*, 408 Mass. 269, 275 (1990).

We have considered the other issues raised by the parties, and they are without merit.

The judgment is reversed, the verdict is set aside, and the case is remanded for a new trial on the issue of damages or other proceedings consistent with this opinion.

*So ordered.*