Forte, J.
This is a motor vehicle tort action to recover for personal injuries sustained by the plaintiffs when their automobile, which was stopped at a red light, was struck in the rear by a vehicle owned by defendant Agency Rent A Car and operated by defendant Kimberly Wingate.
The plaintiffs’ complaint sought damages for pain and suffering, medical expenses, lost wages, diminution of earning capacity and other damages for permanent physical disability.
In support of their claims andinfull compliance with the requirements of G.L.C. 233, §79G, the plaintiffs filed medical reports of treatment and services provided by Carney Hospital, a physician, two chiropractors and two physical therapists, as well as bills from these health providers which totaled $3,237.00 for plaintiff Lee St. Leger and $3,289.00 for plaintiff Steeve St. Leger.
Inresponse to the plaintiffs’ G.L.c. 233, §79G notices of intention to offer the medical bills and reports as evidence, defendants’ counsel issued witness summonses to the physician, chiropractors, and physical therapists for their appearance at trial on May 10,1993. Each summons was directed to the party at his or her place of business and was served in each instance upon a person characterized by the process server as an “authorized agent.”[3]
Defendants’ counsel was advised prior to the scheduled trial date that none of the medical providers would appear in response to his summonses. The defendants did not seek a continuance or ajudicial order to compel the appearance of such witnesses. They instead filed the following on the day of trial: (1) a motion in limine to “preclude plaintiffs from introducing evidence by way of G.L.c. 233, §79G” on the grounds that the defendants were prejudiced by their inability to cross-examine the witnesses whom they had summonsed; and (2) a G.L.c. 231, §6D motion to dismiss “for the plaintiffs’ failure to meet the threshold requirements of said statute.”
After hearing, the trial court allowed the defendants’ motion in limine by striking all of the plaintiffs’ medical bills and reports except those of Carney Hospital. Having excluded the plaintiffs’ proof of medical expenses in excess of $2,000.00, the court then allowed the defendants’ motion to dismiss upon the following ruling:
*171 [T]he Court finds that the plaintiffs have not met the requirements of Massachusetts General Laws, Chapter 231, Section 6D. Further, the failure of the summonsed medical persons, after proper service, to appear in accordance with such summons is prejudicial to the defendants.
The plaintiffs now appeal the courf s allowance of the defendants’ motions in limine and to dismiss, and the court’s denial of the plaintiffs’ motions for reconsideration and a new trial.
1. The trial court’s allowance of the defendants’ motions was error.
Section 79C of G.L.c. 233 is a statutory exception to the hearsay rule, Phelps v. MacIntyre, 397 Mass. 459, 462 (1986), which renders admissible the medical records, reports and bills of hospitals and health providers as evidence
of the fair and reasonable charge for such services or the necessity of such services or treatments, the diagnosis of said physician... the prognosis of such physician... the opinion of such physician... as to proximate cause of the condition so diagnosed, [and] the opinion of such physician... as to disability or incapacity, if any, proximately resulting from the condition so diagnosed....
The statute expressly states that such reports and bills “shall be admissible as evidence [emphasis supplied],” provided that the party offering them satisfies the notice requirements prescribed therein. See Adoption of Seth, 29 Mass. App. Ct. 343, 352 (1990). The singular purpose of such notice requirements “is to give the opposing party the opportunity to summons the physician [or other medical provider] for the purposes of cross-examination [emphasis supplied].” Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 274 (1990). The statute in fact provides that
[n] othing contained in this section shall be construed to limit the right, of any party to the action to summon, at his own expense, such physician... for the purpose of cross examination with respect to such bill, record and report or to rebut the contents thereof, or for any other purpose ... [emphasis supplied].
In the instant case, the plaintiffs properly complied with the notice provisions and all other requirements of G.Lc. 233, §79G and, upon so doing, became entitled to the admission into evidence of the medical bills and reports they had submitted. The plaintiffs’ proper statutory notice fulfilled its intended purpose of enabling the defendants to exercise the right granted to them by G.Lc. 233, §79G to summons the medical providers to appear at trial. Nothing in the statute, however, either guaranteed the actual appearance of the witnesses which the defendants summonsed, shifted the burden of securing their attendance at trial to the plaintiffs, or in any way conditioned the admission of the plaintiffs’ medical reports and bills upon the witnesses’ actual appearance and testimony.[4] Remedies outside of the statute remained available to the defendants to enforce their summonses or secure relief for the disregard of the same.[5] Any prejudice to the defendants resulting from their failure to *172 pursue such remedies could not properly be visited upon the plaintiffs by the exclusion of their medical evidence in contravention of G.L.c. 233, §79G.
2. As the medical reports and bills in question were admissible into evidence, the plaintiffs clearly satisfied the statutory $2,000.00 medical expenses threshold require-mentfor arecoveryfor pain and suffering. The trial court erred, therefore, in allowing the defendants’ motion to dismiss pursuant to G.L.C. 231, §6D.
Moreover, the defendants’ dismissal motion should have been denied even if the plaintiffs’ had no right to recover for pain and suffering. Section 6D did not apply to the plaintiffs’ additional claims for medical expenses, loss of wages and earning capacity and other damages, see Victum v. Martin, 367 Mass. 404, 407-408 (1975), which remained actionable to the extent they exceeded applicable amounts of Personal Injury Protection (“PIP”) insurance benefits. See G.L.c. 90, §34M. See generally, E. MARTIN & E.F. HENNESSY, AUTOMOBILE LAW & PRACTICE, §§1155.40, 1155.50 (2d ed. 1992 Supp.). Where the plaintiffs can prove facts entitling (hem to some form or measure of relief, a motion for the dismissal of their action must be denied.
Accordingly, the trial court’s allowance of the defendants’ motions in limine and to dismiss are hereby reversed, and the court’s judgment for the defendants is vacated. This action is returned to the Dorchester Division for trial. So ordered.

 Note, however, G.L.C. 233, §2 which provides that a witness summons “maybe served... by exhibiting and reading it to the witness, by giving him a copy thereof or by leaving such copy at his place of abode.” See also Dist/Mun. Cts. R Civ. P., Rule 45 (c).

 Indeed, the fundamental purpose of the statute is “the avoidance of generally perfunctory and time-wasting court appearances by ‘persons from whom a plaintiff had received medical care and treatment’.” Ortiz v. Stein, 31 Mass. App. Ct. 643, 645 (1991).

 Pursuant to G.Lc. 233, §§4-6, a person who fails, without sufficient excuse, to appear as a witness after being “duly summonsed” remains subject to the following: liability “to the aggrieved party in tort for all damages caused by such failure” to appear; punishment by fine for contempt of court; and the issuance of a warrant to bring him before the court to “answer for the contempt and also to testify in the case in which he was summonsed.” See, as to discretionary nature of an order to appear, Bloom v. City of Worcester, 363 Mass. 136, 161 (1973).