Curtin, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 8A appeal of the denial of the plaintiffs motion for relief from judgment.
The plaintiff commenced this automobile tort action to recover for medical expenses and pain and suffering. His original claim for medical expenses totalled $2,036.00. However, at the call of the list on the day of trial, plaintiffs counsel informed the court that the plaintiffs medical expenses amounted to only $1,948.00. The trial judge promptly dismissed the case.[1] One day later, the plaintiff filed a motion to vacate judgment “due to error of law.” The plaintiff contended that while he was precluded by G.L.c. 231, §6D from recovering pain and suffering damages because his medical expenses did not exceed $2,000.00, he was still entitled to seek payment for the medical expenses themselves. After hearing, the motion was denied.
Section 6D of G.L.c. 231 expressly provides, in pertinent part:
In any action of tort brought as a result of bodily injury... arising out of the... operation... or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering ... only if the reasonable and necessary expenses incurred in treating such injury... are determined to be in excess of two thousand dollars. ...[2]
The plaintiff concedes, as he must, that his failure to satisfy the $2,000.00 medical expense threshold of §6D automatically eliminated his claim for pain and suffering damages in this action. Cousineau v. Laramee, 388 Mass. 859, 861 (1983); Chipman v. Massachusetts Bay Transp. Auth., 366 Mass. 253, 255-257 (1974). He also correctly argues that §6D deals only with pain and suffering, and does not specifically apply to an automobile tort plaintiffs additional claims for medical expenses, lost wages or earning capacity, or other damages. See Victum v. Martin, 367 Mass. 404, 407-408 (1975). Such additional claims remain actionable, however, only to *255 the extent that they exceed applicable amounts of Personal Injury Protection (“PIP”) benefits. St. Leger v. Agency Rent A Car, Inc., 1993 Mass. App. Div. 170, 172 (1993). Section 6D is “[a]n integral part of the statutory no-fault’ insurance scheme,” Vieira v. Schupp, 383 Mass. 739, 742-743 (1981), and must be construed in conjunction with G.L.c. 90, §34A et. seq. which governs automobile tort claims for medical expenses.
Section 34M of G.L.c. 90 provides, in relevant part:
Every owner, registrant, operator or occupant of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort... is hereby made exempt from tort liability for damages because of bodily injury... arising out of the ownership, operation, maintenance or use of such motor vehicle to the extent that the injured party is... entitled to recover under those provisions of a motor vehicle liability policy or bond that provide personal injury protection benefits or from the insurer assigned.
There is no suggestion in the record that the parties were not insured under Massachusetts motor vehicle liability policies. See Vieira v. Schupp, supra at 742. Nor does the plaintiff dispute that he was entitled to recover at least $2,000.00, see G.L.c. 90, §34A, in PIP payments for medical expenses from his insurer. Pursuant to §34M, the defendant was thus exempt from any tort liability for medical expenses not exceeding $2,000.00. Phelps v. MacIntyre, 397 Mass. 459, 460-461 (1986); DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 96 n. 10 (1983). As the plaintiff could not as a matter of law recover damages for medical expenses of only $1,948.00 or for pain and suffering from the defendant, this tort action was properly dismissed.
Accordingly, the trial court’s denial of the plaintiffs motion to vacate its judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 While the record is devoid of any detailed description of the proceeding, it may be inferred that the court responded to an oral motion by the defendant to dismiss for the plaintiffs failure to satisfy the $2,000.00 statutory threshold. In any event, no question as to the procedural propriety in this case of the court’s dismissal on the plaintiff’s opening has been raised by the plaintiff, or addressed in either party’s brief. See Dist./Mun. Cts. R. A D. A, Rule 16(a) (4).

 The statutory exceptions to the $2,000.00 threshold for death, loss of a body member, permanent disfigurement or loss of sight or hearing are inapplicable in this case.