Curtin, J.
This is a motor vehicle tort action in which judgment was entered for the plaintiff in the amount of $20,000.00. Defendant Ybacar Espinal (“Espinal”) filed this Dist./Mun. Cts. R. A. D. A., Rule 8B, appeal on a charge of error in the trial judge’s denial of his Mass. R. Civ. P., Rule 41(b) (2), motion for involuntary dismissal. The sole issue raised on appeal is whether the trial court erred in permitting the plaintiff to introduce into evidence copies of his medical bills and records without satisfying the requirements of G.L.c. 233, §79G.
The parties’ Rule 8B Agreed Statement of Facts indicates that on March 12, 1995, plaintiff Arthur C. Perrault (“Perrault”) was a passenger in a car operated by defendant Jeannette Hargreaves (“Hargreaves”) which collided with the vehicle operated by defendant Espinal. Perrault commenced this action in negligence to recover for personal injuries allegedly sustained in that accident.
Prior to trial, Espinal forwarded copies of some of Perrault’s medical records to all parties with a written notice of his intention to introduce the records into evidence. Espinal’s cover letter incorrectly stated that some of Perrault’s medical bills, in addition to records, were also included. All parties agreed at trial that no bills were included in Espinal’s mailing. Espinal also filed affidavits with the trial court certifying his compliance with §79G.
Plaintiff Perrault failed to serve copies of any of his medical bills and records on the defendants, and failed to give written notice of his intention to offer any at trial.
At trial, Perrault offered into evidence $2,000.00 in medical bills and medical records pertaining to his claimed injuries. None of these bills and records were sworn to under the pains and penalties of perjury as required by §79G. Perrault’s counsel conceded both that the bills and records lacked the necessary certification and that he had failed before trial to provide the defendants with the required statutory notice of his intent to introduce them. Counsel contended that he instead relied on the misstatement in Espinal’s cover letter that Espinal was providing certified copies of Perrault’s medical bills as well as his records. Over the objection of both defendants, the tidal judge admitted all of Perrault’s uncertified bills and records into evidence.
Perrault’s case at tidal consisted solely of his own testimony and the bills and records in question. At the close of the plaintiffs evidence, both defendants filed Rule 41 (b) (2) motions on the ground that Perrault had failed to prove negligence. Espinal’s motion also asserted that Perrault had failed to establish medical expenses in excess of the $2,000.00 tort threshold. The parties’ Agreed Statement *43 to this Division states that the “court allowed defendant Hargreaves’ motion (on liability grounds) and denied defendant Espinal’s motion.” As noted, judgment was entered for Perrault in the amount of $20,000.00, and this appeal followed.
1. It is established that G.L.c. 231, §79G is a statutory exception to the hearsay rule which permits the introduction into evidence of sworn medical and hospital bills and records without the authenticating testimony at trial of the physicians or medical providers who rendered the services described therein.[2] Phelps v. MacIntyre, 397 Mass. 459, 462 (1986); Ortiz v. Stein, 31 Mass. App. Ct. 643, 645 (1991). Admission of the bills and records is contingent upon satisfaction of the statute’s prerequisites; namely, that the bills and records are sworn to or certified; that copies of the bills and records, together with written notice of intent to introduce them into evidence, are served by certified mail upon all other parties within the specified time prior to trial; and that an affidavit of notice and the mail return receipt are filed with the court. The required certificate “establishes the authenticity of the bill and the accompanying treatment records,” Gompers v. Finnell, 35 Mass. App. Ct. 91, 93-94 (1993), and is thus essential to the reliability of the documents as trial evidence. The purpose of the §79G ten-day notice requirement
‘is to give the opposing party the opportunity to summons the physician [or other medical provider] for the purposes of cross-examination.’ Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 274 (1990). The statute in fact provides that ‘nothing contained in this section shall be construed to limit the right of any party to the action to summon, at his own expense, such physician ... for the purpose of cross-examination with respect to such bill, record and report or to rebut the contents thereof, or for any other purpose....’
St. Leger v. Agency Rent A Car, Inc., 1993 Mass. App. Div. 170, 171.
It is undisputed on this appeal that Perrault failed to satisfy any of the statutory prerequisites for introducing his medical bills and records into evidence pursuant to G.L.c. 231, §79G. In the absence of §79G compliance, the bills and records remained hearsay, and their admission over the objection of the defendants, without any authenticating testimony, was error. Grant v. Lewis/Boyle, Inc., supra at 274; Adoption of Seth, 29 Mass. App. Ct. 343, 351-352 (1990).
2. We conclude that such error “injuriously affected the substantial rights” of *44 defendant Espinal so as to require a new trial. G.L.c. 231, §110; Mass. R. Civ. P., Rule 61. See also Elias v. Suran, 35 Mass. App. Ct. 7, 13 (1993); Cambridge YWCA v. Franks, 1998 Mass. App. Div. 242, 244.
The record states that the issues at trial included liability, causation, prior injuries, and the reasonableness and necessity of Perrault’s medical treatment. In the absence of the inadmissible bills and records showing medical expenses in the amount of $2,000.00, the evidence at trial was insufficient to support the court’s assessment of $20,000.00 in damages. As there was no other evidence of medical expenses,[3] Perrault failed to demonstrate that he met the G.L.c. 231, §6D minimum tort threshold so as to permit him to recover for pain and suffering, undoubtedly a significant portion of the damages awarded. Cousineau v. Laramee, 388 Mass. 859, 861 (1983); Browning v. Brokvist, 1998 Mass. App. Div. 254. Nor could the trial judge have made any award for medical expenses perse. Further, while Perrault’s own non-expert testimony may have been probative of the facts that he sustained injuries and received reasonable and necessary medical treatment, see Victum v. Martin, 367 Mass. 404, 409 (1975); Scalia v. Liberty Mut. Ins. Co., 1995 Mass. App. Div. 69, 71, it may be reasonably inferred that the trial judge utilized the inadmissible bills and records as evidence that the defendant’s protracted period out of work and resulting lost wages were caused by injuries sustained in the accident and were not due to prior injuries or preexisting conditions.
In short, as the inadmissible evidence was relevant to central, disputed issues and the trial judge may well have reached a different result had the evidence been excluded, a new trial is in order. G.E.B. v. S.R.W., 422 Mass. 158, 169 (1996); Grant v. Lewis/Boyle, Inc., supra at 275.
The trial court’s judgment for the plaintiff is vacated, and this case is returned to the Lawrence Division for a new trial.
So ordered.

 The statute provides, in relevant part: “In any proceeding in any court... an itemized bill and reports, including hospital medical records, relating to medical, dental, hospital services, prescriptions, or orthopedic appliances rendered to or prescribed for a person injured, or any report of any examination of said injured person, including but not limited to hospital medical records subscribed and sworn to under the penalties of perjury by the physician, dentist, authorized agent of a hospital... rendering such services ... shall be admissible as evidence of the fair and reasonable charge for such services or the necessity of such services or treatments, the diagnosis of said physician ... the prognosis of such physician ... the opinion of such physician ... as to proximate cause of the condition so diagnosed, the opinion of such physician ... as to disability or incapacity, if any, proximately resulting from the condition so diagnosed; provided, however, that written notice of the intention to offer such bill or report as such evidence, together with a copy thereof, has been given to the opposing party or parties, or to his or their attorneys, by mailing the same by certified mail, return receipt requested, not less than ten days before the introduction of same into evidence, and that an affidavit of such notice and the return receipt is filed with the clerk of the court... forthwith after said receipt has been returned.”

 Espinal’s counsel represented at oral argument that Perrault did not testify as to the amount of his medical expenses. It may be inferred that if the plaintiff had so testified, that salient fact would have been included in the Rule 8B Agreed Statement which serves as the record on this appeal. The Statement was prepared and signed by counsel for both parties, and was approved by the trial judge.