Barrett, J.
Pursuant to Dist/Mun. Cts. R A D. A, Rule 8C, Plaintiff/Appellant appeals from the decision of the trial judge denying her request to admit her medical records into evidence and then allowing Defendant/Appellee’s motion for a directed verdict at the close of plaintiffs case.[2] The instant action arose out of an auto accident wherein the defendant is alleged to have rear-ended the plaintiffs auto. The plaintiff failed or neglected *96 to submit her medical bills and reports into evidence in compliance with M.G.L.C. 233, §79G, and otherwise did not offer evidence as to the dollar amount of any medical bills she may have incurred or the proximate relationship of her treatment to the subject accident Without this evidence, the court on motion of the defendant directed a verdict[3] in defendant’s favor for the reason that the plaintiff Med to prove she had incurred medical bills in excess of the “tort threshold,” M.G.L.C. 231, §6(D). We agree with the trial court’s ruling excluding plaintiffs medical bills and reports and affirm the trial judge’s decision directing a verdict for the defendant on so much of plaintiffs claim as relates to her pain and suffering. We remand for further consideration of plaintiffs claim for lost wages.
There is no question but that G.Lc. 231, §6(D) prevents a plaintiff in an auto accident case from proceeding with a civil lawsuit for pain and suffering absent the incurrence of at least $2000.01 in medical bills resulting from that accident.[4] It is the plaintiff’s burden to show that her medical treatment arising out of the accident, as well as the corresponding medical bills, were necessary and reasonable, and further that the bills exceeded the tort threshold. Victum v. Martin, 367 Mass. 404, 407-408 (1975). Failure of a plaintiff to show that her medical bills exceed the tort threshold will result in the dismissal of her pain and suffering claim. Pinnick v. Cleary, 360 Mass. 1, 28-30 (1971). A directed verdict (dismissing plaintiff’s pain and suffering claim) is appropriate if, after the plaintiff has rested, the court, when viewing the evidence in a light most favorable to the plaintiff, determines that the defendant is entitled to judgment as a matter of law. Donaldson v. Farrakhan, 436 Mass. 94 (2002). The remainder of a plaintiff’s claim not pertaining to pain and suffering may survive a directed verdict despite her failure to comply with G.L.c. 231, §6D. Cyr v. Farias, 367 Mass. 720, 724 (1975); Prouty v. Brown, 22 Mass. App. Ct. 992 (1986).[5]
It is clear that medical bills and reports are considered hearsay under our rules of evidence, and as such, are excludable by the trial judge unless there is an applicable exception to the hearsay rule. Grant v. Lewis/Boyle, Inc., 408 Mass. 269, 274 (1990).[6] One such exception is provided by M.G.L.c. 233, §79G[7] which allows an offering *97 party to authenticate medical bills, records, and reports for their admission into evidence without the need of producing medical-provider witnesses at trial to offer authenticating testimony. The certification required by section 79G is what makes these bills and reports sufficiently reliable to be admitted even though otherwise they would be hearsay Gompers v. Finnell, 35 Mass. App. Ct. 91, 93-94 (1993); Perrault v. Ybacar Espinal, 2000 Mass. App. Div. 42. Here, there is no dispute about the fact that plaintiff failed to comply with G.L.c. 233, §79G and did not attempt to offer the medical records into evidence through any other acceptable means.[8] Therefore, the records remained hearsay, and as such, could not be admitted into evidence over the defendant’s objection. Grant v. Lewis/Boyle, Inc., supra at 274.
The record of proceedings in the trial court is devoid of any testimony or exhibit that supports plaintiff’s claim that she met or exceeded the tort threshold. Plaintiff seeks to skirt this issue by suggesting that there was some type of stipulation by and between the parties that eliminated the need to comply with G.L.c. 233, §79G. Plaintiff admitted during oral argument that no written stipulation concerning the admissibility of plaintiff’s medical bills was ever executed. In fact, defendant’s pre-trial report clearly states that there were “No Stipulations” between the parties. Plaintiff refers the court to her own pre-trial conference report wherein she noted her intention to offer her medical bills and reports into evidence. She argues that because defendant was on notice about her intention to offer these exhibits and did not affirmatively object (presumably at the pretrial conference) they should then be admitted without the need or requirement of complying with applicable statutes or the rules of evidence. This position is unsupported by case law. The pre-trial conference and the report generated thereby are intended to simplify the issues for trial, obtain admissions and stipulations where possible and encourage settlement Mass. R Civ. R, Rule 16(1-8). The conference is not intended to be a substitute for trial and a party does not absent a clear stipulation, waive its right to object to the admissibility of evidence simply because the other party gives advance notice of its intent to offer same at trial. The defendant here cannot be required, or presumed, to have surrendered such a substantial right as to be able to challenge the plaintiff’s uncertified medical records and the treatment they represent, without a clear stipulation on that issue. Gurman v. Stowe-Woodward, Inc., 302 Mass. 442, 445 (1939). The court places great importance on having pre-trial stipulations reduced to writing. Fanciullo v. B.G. & S. Theatre Corp., 297 Mass. 44, 51 (1937). There is nothing in this record to indicate the existence of a stipulation, written or otherwise, or that this case was not tried in accordance with the written pre-trial reports of the respective parties. Silver v. Cushner, 300 Mass. 583, 585 (1938).
The one stipulation the parties did agree to at the inception of trial was that the PIP setoff would be $2000.00.[9] This stipulation, however, does not relieve the plaintiff of her obligation to introduce evidence of the amount of her medical bills and the relationship of those bills to treatment she received as a result of her accident. PIP benefits can consist of payments for medical bills and/or lost wages. There was no indication here as to what these PIP payments were for. Even if there was some evi *98 dence as to the breakdown of medical to wage payments, the court is not required to accept that stipulation as a substitute for the actual admission of the subject medical records, Gurman, supra, at 445; Capano v. Melchionno, 297 Mass. 1, 15 (1937): nor does such a stipulation satisfy plaintiff’s burden to causally relate those medical payments, and the treatment they represent, to the subject auto accident.
The manner and means of introducing medical bills and reports could scarcely be more clear, or easier. Plaintiffs Mure to avail herself of the benefits of G.Lc. 233, §79G, or any of the other avenues by which these records could have been successfully introduced into evidence, has left plaintiff unable to prove an essential element of her claim. The trial judge was correct to deny plaintiff’s request to admit her medical records, as offered. Without those records in evidence, the court then had little choice but to allow defendants motion for a directed verdict on plaintiff’s pain and suffering claim.
Accordingly, we affirm the trial court’s rulings, in part, and dismiss this appeal as it relates to plaintiff’s pain and suffering claim. We remand this matter to the trial court for further consideration of plaintiff’s claim for lost wages.
So ordered.

 Plaintiff initially filed this appeal as an Expedited Appeal under Rule 8A. Defendant objected and the appeal has proceeded as an Appeal on the Record of Proceeding pursuant to Rule 8C.

 On the record, the defendant moved for a “directed verdict,” however, in a jury waived trial such a motion is treated as a request for an involuntary dismissal pursuant to Mass. R. Civ. R, Rule 41(B).

 See M.G.L.C. 231, §6(D) which farther provides that a party may proceed with an automobile related claim even if they have not incurred $2000.01 in medical bills if instead they have sustained permanent and serious disfigurement, loss of a body member, loss of sight or hearing, or death: none of which is alleged to be the case here.

 Despite the dismissal of so much of a plaintiffs claim as relates to pain and suffering, other parts of a plaintiff’s case may survive, namely, any claim for reimbursement of medical bills and lost wages not fully paid by PIE There was no evidence as to the actual amount of medical bills incurred by this plaintiff. There was, however, evidence that plaintiff may have sustained lost wages amounting to $412.86.

 In Grant, the Court ruled that the diagnosis contained in certain medical reports of non-testifying physicians should not have been admitted into evidence absent some specific exception to the hearsay rule like G.L.c. 233, §79G. Since section 79G also pertains to medical bills, it is only logical to treat their admissibility in the same manner as medical reports. See also Gompers and Perrault cases, infra.

 Under M.G.L.c. 233, §79G, a party seeking to introduce medical bills and reports must provide the opposing party, at least ten days prior to trial, with a certified copy of all such bills and reports along with a notice of intent to offer them in evidence. Once these requirements of the statute have been met, including the filing of an affidavit of compliance, the documents are then admissible on the issues of the fairness of the charges, the necessity of the treatment and whether or not the injury and treatment is proximately related to the auto accident.

 Medical records may also be admitted into evidence for more limited purposes than allowed by section 79G if they are certified and delivered directly to the clerks office, see G.L.c. 233, §79. Although more inconvenient to the medical provider, a party can also subpoena the provider to testify at trial, thereby establishing the authenticity of the records, the necessity of treatment and the reasonableness of the charges.

 PIP is an acronym for Personal Injury Protection payments available under every Massachusetts automobile liability policy; see G.L.c. 90, §34A. It is common for the parties at the beginning of a trial to advise the court as to the amount of PIP benefits paid to or on behalf of a plaintiff (the PIP setoff) since that amount will be deducted from any judgment the court may later award.