Per Curiam.
The plaintiff has appealed the allowance of summary judgment for the defendant-insurer on her claims for G.L.c. 90, §34M personal injury protection (“PIP”) benefits and G.Lc. 93A, §9 damages, attorney’s fees, and costs. There was no error.
Plaintiff Marie Chery (“Chery”) sustained injuries in an automobile accident on February 7, 2007 while riding as a passenger in a vehicle insured by defendant Metropolitan Property & Casualty Insurance Company (“Metropolitan”). On *211 February 11, 2007, Chery was examined and had X-rays at the emergency department of Caritas Good Samaritan Medical Center (“Caritas”), generating bills totaling $1,308.00. Chery also received chiropractic treatments from February 12, 2007 to May 21, 2007 from Robert W. Carne, D.C. (“Carne”), who charged $4,257.00 for his medical services.
Chery applied for G.L.c. 90, §34A PIP benefits from Metropolitan on March 9, 2007, indicating on her application that Medicare and MassHealth were her primary health carriers,[2] and enclosing bills from Carne for treatment received through March 6, 2007. She subsequently submitted the remainder of Carne’s bills and Caritas’ hospital bill to Metropolitan. An examination under oath of Chery was scheduled for early March, 2007, rescheduled twice, and eventually conducted on July 6, 2007.
Having received no payment for any of the bills she had submitted, Chery sent a G.L.c. 93A demand letter to Metropolitan on September 12,2007. On September 21, 2007, she commenced this action by filing a two-count complaint against Metropolitan, alleging that it had violated (1) G.L.c. 90, § 34M, in failing to pay PIP benefits, and (2) G.L.c. 93A, by committing unfair insurance settlement practices in violation of G.L.c. 176D, §3(9) (f).
Before trial, on February 26, 2008, Metropolitan made full payment of Carne’s bills by issuing a check payable to Chery and Carne in the amount of $4,257.00. It also issued two checks, both payable to Chery and Caritas, for $1,806.00 and $145.00, leaving a balance of $77.00 on Caritas’ hospital bill.
The next day, February 27, 2008, Chery received treatment in the emergency department at Caritas that resulted in a bill for $360.63. By April 29, 2008, Medicare and MassHealth had paid this bill in full.[3] Despite such payment, Chery submitted the $360.63 bill on June 23,2008 to Metropolitan. Seven days later, Metropolitan paid the remaining $77.00 balance on the Caritas bill for Cheryls examination and X-rays on February 11, 2007. Metropolitan did not pay the $360.63 for treatment Chery received on February 27, 2008, after the commencement of this suit.
Chery moved to amend her complaint on August 14, 2008. Metropolitan moved for summary judgment on September 15, 2008. The trial court denied the former, allowed the latter, and entered judgment for Metropolitan on October 1,2008. Chery filed this appeal of the allowance of Metropolitan’s summary judgment motion.
“The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). As Metropolitan would not have had the burden of proof at trial in this action, it satisfied its affirmative Mass. R. Civ. R, Rule 56 summary judgment burden by demonstrating, “by reference to material described in [Rule] 56(c), unmet by countervailing materials, that the party *212 opposing the motion ha[d] no reasonable expectation of proving an essential element of [her] case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
1. G.L.c. 90, §34M claim. In support of its summary judgment motion on Chery’s G.L.c. 90, §34M claim, Metropolitan submitted the affidavit of its attorney to which were attached the checks that paid in full the Carne and Caritas bills for which Chery had sought PIP benefits in her complaint. A copy of the additional Caritas bill for $360.63 was also attached to the affidavit, which indicated that it had been paid in full by Medicare and Medicaid by April 29,2008, nearly two months before Chery submitted it for payment to Metropolitan.
Chery did not contest the application of Fascione v. CNA Ins. Cos., 435 Mass. 88 (2001) to the medical bills for which she sought payment in her complaint. See id. at 94 (defendant-insurer may avoid liability for interest and statutory costs and attorney’s fees in G.L.c. 90, §34M action by making full payment of PIP benefits sought by plaintiff before entry of any judgment for those benefits). Rather, Chery’s opposition to Metropolitan’s summary judgment motion on the first count of her complaint focused exclusively on the Caritas bill for $360.63. Relying on the Medicare Secondary Payer (“MSP”) statute, 42 U.S.C. §1395y(b),[4] Chery argued that because of Metropolitan’s refusal to pay Caritas’ bill for $360.63, Medicare would seek reimbursement with “a lien that will need to be paid out of any settlement or judgment Chery receives as a result of her Complaint against the negligent operator,” and that somehow, this indicated the existence of a genuine dispute of material fact as to the “amount in controversy” on her §34M claim.
Chery’s argument was devoid of merit. First, Chery’s complaint was filed on September 21,2007. Obviously, it did not include a claim for PIP payment for medical services provided five months later, on February 27, 2008, for which a bill was not issued by Caritas until March 3, 2008, and not submitted by Chery to Metropolitan until June 23,2008. Chery’s later motion to amend her complaint is not in the record. Even assuming that the motion sought to add a claim for recovery of an additional $360.63 in unpaid PIP benefits, the trial court denied the motion, and Chery did not appeal that ruling.[5] Further, although Chery raised the issue of the responsibility for payment of the $360.63 bill in her opposition to summary judgment, there is nothing in the record before us to suggest that Metropolitan consented to the inclusion of that issue pursuant to Mass. R. Civ. R, Rule 15(b). We are not obligated, therefore, to address it. See Coombes v. Florio, 450 Mass. 182, 186 n.4 (2007) (declining to consider on appeal from summary judgment plaintiff-appellant’s argument regarding duty to warn where plaintiff never amended complaint to include that claim and defendant did not otherwise consent to its inclusion); Carleton v. Commonwealth, 447 Mass. 791, 792 n.3 (2006) (declining to consider applicability of G.Lc. 151B, §4).
*213 Second, even if the responsibility for payment of the $360.63 bill had somehow become a proper issue in the trial court, G.L.c. 90, §34M mandates only that PIP payments “shall be due and payable as loss accrues, upon receipt of reasonable proof of the fact and amount of expenses and loss incurred.” As the $360.63 Caritas bill had been paid in full in April, 2008, it was not even “due and payable” when submitted to Metropolitan in June 23, 2008, much less when Metropolitan moved for summary judgment in September, 2008. Further, Chery’s concern about future action by Medicare or Medicaid to seek reimbursement out of any potential tort recovery by her against the tortfeasor[6] in no way suggested any obligation by Metropolitan to provide PIP benefits for the paid bill. ‘The PIP ‘benefit’ to an injured person, in substance, is the right, inter alia, to be held harmless by the insurer from claims of providers who provided treatment to the injured person.” Ny v. Metropolitan Prop. & Cas. Ins. Co., 51 Mass. App. Ct. 471, 476 (2001). Chery was in no danger of any claim against her by Caritas, whose bill had been paid in full.
Summary judgment was properly entered on count 1 of Chery’s complaint.
2. G.L.c. 93A claim. Count 2 of Chery’s complaint alleged that Metropolitan had failed “to effectuate prompt, fair and equitable settlement” of her claim “in which liability ha[d] become reasonably clear” in violation of G.Lc. 176D, §3(9) (f), and was, thus, liable for a per se unfair and deceptive act under G.Lc. 93A See Sanchez v. Witham, 2003 Mass. App. Div. 48, 49, citing Polaroid Corp. v. Travelers Indem. Co., 414 Mass. 747, 754 (1993) (“[Ujnfair claims settlement practices in violation of G.Lc. 176D, §3(9) are unfair and deceptive acts which may be remedied in an action under G.Lc. 93A”). Metropolitan sought summary judgment on the ground that proof of injury, a necessary element of Chery’s c. 93A claim, was unlikely to be forthcoming at trial. See Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790, 798 (2006) (“[A] plaintiff seeking a remedy under G.Lc. 93A, §9, must demonstrate that even a per se deception caused a loss.”). In support of that assertion, Metropolitan attached to the Rule 56 affidavit of its attorney the checks it had issued in full payment of the Carne and Caritas bills for which Chery sought payment in her complaint. Also attached to that affidavit was Chery’s deposition testimony in which she answered “No” to the question whether, apart from medical bills and attorney’s fees, she had incurred “any other costs of [sic] expenses as a result of the accident in February of 2007.”
In opposition to Metropolitan’s summary judgment motion on count 2, Chery advanced three arguments to establish her ability to prove at a trial that she had suffered an injury or loss in consequence of Metropolitan’s alleged failure to settle her claim promptly. First, she asserted that “[t]he non-payment by Metropolitan of the $360.63 Caritas bill [paid by Medicare/Medicaid] is damage to her.” As noted, however, Chery did not allege nonpayment of that bill in her complaint.
Second, relying on Leardi v. Brown, 394 Mass. 151 (1985), Chery contended that she “sustained an ‘injury' of a legally protected interest,” namely, her “clear right to have prompt payment of her medical bills” under G.Lc. 90, §34M. It is insufficient, *214 however, for a G.Lc. 93A plaintiff to claim an invasion of a legally protected interest; rather, the plaintiff must also show that such an invasion caused an injury.
If any person invades a consumer’s legally protected interests, and if that invasion causes the consumer a loss — whether that loss be economic or noneconomic — the consumer is entitled to redress under our consumer protection statute. A consumer is not, however, entitled to redress under G.Lc. 93A, where no loss has occurred.
Hershenow, supra at 802. Chery failed to establish that Metropolitan’s alleged invasion of her interest in prompt payment caused her an actual injury or loss. Although she notes in her supporting affidavit that the delay in payment caused her to be “concerned about her credit worthiness” and to “experience a great deal of stress and anxiety,” she failed to include any documentation or other substantiating evidence connecting the delay to those concerns. Further, while emotional distress is a cognizable and sufficient loss under G.L.c. 93A to permit statutory recovery, id. at 798, citing Haddad v. Gonzalez, 410 Mass. 855, 865-866 (1991), and Maillet v. ATF-Davidson Co., 407 Mass. 185, 192 (1990), something more than conclusory allegations of “stress and anxiety” is required to establish emotional distress. See Rodriguez v. Cambridge Hous. Auth., 443 Mass. 697, 702 (2005); Anderson v. Brake King Automotive, Inc., 2006 Mass. App. Div. 15, 18. To defeat summary judgment, Chery was required to marshal specific facts, beyond her pleadings or general assertions, to establish the existence of a genuine issue of material fact requiring a trial of this action. LaLonde v. Eissner, 405 Mass. 207, 209 (1989); McGrath v. ACT, Inc., 2008 Mass. App. Div. 257, 257258. She failed to do so.
Equally unavailing is Chery’s final argument that the attorney’s fees that she has incurred in bringing suit against Metropolitan are damages. She relied on Jet Lines Servs., Inc. v. American Employers Ins. Co., 404 Mass. 706 (1989) and Columbia Chiropractic Group, Inc. v. Trust Ins. Co., 430 Mass. 60 (1999) for the proposition that, if a violation of G.L.c. 93A forces another to incur attorney’s fees, then those fees are a loss of money or property and may be recovered as G.Lc. 93A damages. Chery’s argument confuses the loss or injury required before a G.Lc. 93A plaintiff is entitled to a statutory recovery, and the elements of damages that are included in that recovery. One must first establish a violation of c. 93A, and thus a causally related loss, before attorney’s fees may be included in an award under the statute. See Hershenow, supra at 799 n.18 (rejecting argument that statutory damages provision under G.Lc. 93A, §9 supplants requirement to prove causation); Aspinall v. Philip Morris Cos., 442 Mass. 381, 400-401 (2004) (Legislature did not intend G.Lc. 93A, §9 to confer on plaintiffs who have suffered no harm the right to receive nominal damage award that “will in turn entitle them to a sometimes significant attorney’s fee recovery”).
There was no error in the allowance of summary judgment in favor of Metropolitan on count 2 of Chery’s complaint.
Judgment affirmed.
So ordered.

 Neither Medicare, nor MassHealth, is subject to the coordination of benefits provision under G.L.c. 90, §34A. See Timothy H. Galley, Mass. Div. of Ins. Bulletin 8-90-2 (1990).

 Medicare paid $0.63 on March 3, 2008 and $213.21 on March 18, 2008. MassHealth paid the remaining $38.32 on April 29, 2008.

 The statute makes Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer, §1395y(b)(2)(A), but also permits, should the primary payer fail to pay promptly, initial payment by Medicare conditioned on its later right to reimbursement. §1395y (3) (2) (3).

 Chery waived the issue by failing to address it in her appellate brief. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4). See Morris v. Centola, 2001 Mass. App. Div. 39, 40.

 It is unclear whether Chery was aware that an automobile liability insurer would also be entitled to reimbursement for PIP benefits paid in the form of a deduction from any damages awarded in the underlying motor vehicle tort action. See DeMarco v. Martin, 2003 Mass. App. Div. 95, 97 n.9.