MARIE CHERY *vs.* METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY.

No. 10-P-103.

Plymouth. November 5, 2010. - June 16, 2011.

Present: LENK, VUONO, & KAFKER, JJ.[1]

*Motor Vehicle,* Insurance. *Insurance,* Motor vehicle insurance, Motor vehicle
personal injury protection benefits, Unfair act or practice. *Consumer Protec-
tion Act,* Insurance, Availability of remedy. *Practice, Civil,* Summary
judgment.

In the circumstances of a civil action brought in District Court by the plaintiff,
a passenger in a motor vehicle insured by the defendant insurer, arising
from the defendant's failure to pay personal injury protection benefits
under G. L. c. 90, § 34M, the District Court judge did not err in granting
the defendant's motion for summary judgment on the plaintiff's claim al-
leging a violation of § 34M, where the defendant paid the plaintiff's
outstanding medical bills before the commencement of trial [698-699];
however, the judge erred in granting summary judgment on the plaintiff's
claim of unfair insurance settlement practices, where, notwithstanding the
defendant's ultimate payment of the outstanding bills, the plaintiff had
shown an ascertainable loss and emotional distress caused by the defend-
ant's dilatory conduct [699-700].

CIVIL ACTION commenced in the Brockton Division of the
District Court Department on September 21, 2007.

The case was heard by *James F.X. Dinneen,* J., on a motion
for summary judgment.

*Albert E. Grady* for the plaintiff.

*Heath R. Walker* for the defendant.

VUONO, J. The plaintiff, Marie Chery, was injured in an auto-
mobile accident and incurred medical expenses. At the time of
the accident, Chery was a passenger in a motor vehicle insured

---

[1]Justice Lenk participated in the deliberation on this case while an Associ-
ate Justice of this court, prior to her appointment as an Associate Justice of
the Supreme Judicial Court.

by the defendant, Metropolitan Property and Casualty Insurance Company (Metropolitan). Chery submitted a claim to Metropolitan under G. L. c. 90, § 34M, for personal injury protection (PIP) benefits requesting payment of her medical bills. When Metropolitan failed to pay the bills within the time prescribed by the statute, Chery brought this action alleging that Metropolitan had violated G. L. c. 90, § 34M, by failing to pay PIP benefits (Count I) and G. L. c. 93A, § 9, by committing unfair insurance settlement practices in violation of G. L. c. 176D, § 3(9)(f) (Count II). See *Bolden* v. *O'Connor Café of Worcester, Inc.*, 50 Mass. App. Ct. 56, 59 n.8 (2000).

Approximately six months after Chery filed her complaint (and eleven months after she had submitted her claim for PIP benefits), Metropolitan paid the outstanding medical bills and then moved for summary judgment, claiming that because payment had been made in full prior to the entry of judgment, no justiciable controversy existed as to the contract claim under G. L. c. 90, § 34M, and that Chery was unable to show any actual injury or loss causally related to Metropolitan's conduct — an essential element of her c. 93A claim. A judge of the District Court granted Metropolitan's motion, and the entry of judgment in favor of Metropolitan was affirmed by the Appellate Division.

We review de novo the grant of summary judgment, *District Attorney for the N. District* v. *School Comm. of Wayland*, 455 Mass. 561, 566 (2009), and determine whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991).

As to Count I, Metropolitan maintains that because it paid Chery's bills before trial commenced, Chery has no remedy under G. L. c. 90, § 34M. See *Fascione* v. *CNA Ins. Cos.*, 435 Mass. 88 (2001). Chery does not argue otherwise but asserts that summary judgment was erroneously granted because a genuine issue of material fact exists as to whether all of her bills have been paid. In particular, Chery points to Metropolitan's refusal to pay a medical bill incurred after Chery filed her complaint. However, the complaint was not amended to include

a claim for this additional medical expense,[2] and Metropolitan did not consent to the inclusion of the issue pursuant to Mass. R.Civ.P. 15(b), 365 Mass. 761 (1974). We are not obligated, therefore, to address it. See *Coombes* v. *Florio*, 450 Mass. 182, 186 n.4 (2007) (Ireland, J., concurring).

As to Count II, it is uncontested that Metropolitan's failure to promptly settle Chery's PIP claims violated G. L. c. 176D, § 3(9)(f), and was thus unlawful under G. L. c. 93A, § 2. See *Hopkins* v. *Liberty Mut. Ins. Co.*, 434 Mass. 556, 564 (2001). At issue is Metropolitan's assertion, accepted by the judge, that despite its violation Chery may not recover under G. L. c. 93A because she is unable to show any injury or loss causally related to the violation. See *Hershenow* v. *Enterprise Rent-A-Car Co. of Boston*, 445 Mass. 790, 798 (2006) ("[A] plaintiff seeking a remedy under G. L. c. 93A, § 9, must demonstrate that even a per se deception caused a loss"). We conclude that, notwithstanding Metropolitan's ultimate payment of the outstanding bills, Chery has shown, for purposes of surviving summary judgment, an ascertainable loss caused by Metropolitan's dilatory conduct.

General Laws c. 176D, § 3(9), and G. L. c. 93A "were enacted to encourage the settlement of insurance claims . . . and discourage insurers from forcing claimants into unnecessary litigation to obtain relief." *Clegg* v. *Butler*, 424 Mass. 413, 419 (1997). In this case, Metropolitan's unexplained failure to settle Chery's claims, well after its liability was reasonably clear, caused her injury by forcing Chery to institute litigation to receive benefits to which she was entitled under G. L. c. 90, § 34M. See *Hershenow* v. *Enterprise Rent-A-Car Co. of Boston*, *supra* at 801, quoting from *Aspinall* v. *Philip Morris Cos.*, 442 Mass. 381, 401 (2004) (causation established where tortfeasor's conduct "could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted"). See also *Columbia Chiropractic Group, Inc.* v. *Trust Ins. Co.*, 430 Mass. 60, 65 (1999) (unreasonable delay in paying bills submitted under G. L. c. 90, § 34M, may violate G. L. c. 93A).

Additionally, there is support in the summary judgment record

---

[2]Although Chery moved to amend her complaint, presumably to add a claim based on this subsequent bill, the motion was denied and Chery did not appeal.

for Chery's claim that Metropolitan's conduct caused her emotional distress, not only as a result of having to commence litigation but also out of concern for the negative effect her unpaid medical bills might have on her creditworthiness.[3] Metropolitan's efforts to discount these allegations as insufficient to establish quantifiable damages for intentional infliction of emotional distress are unavailing. A plaintiff seeking redress under c. 93A is not required to show a quantifiable amount of actual damages as an element of her claim. Rather, a plaintiff is required to show only that she suffered some loss caused by the defendant's allegedly unlawful conduct. Here, Chery has met this burden.

That portion of the judgment dismissing Count II of the complaint is reversed, and the matter is remanded to the District Court for further proceedings consistent with this opinion. The judgment is otherwise affirmed.

*So ordered.*

---

[3]Chery's affidavit in support of her opposition to the summary judgment motion states, by way of injury, that she has

> "experienced a great deal of stress and anxiety with regard to Defendant's failure to pay my medical bills and their requiring me to file this lawsuit. . . . I am obligated to pay attorney fees for all legal work from 93A Demand . . . until this case is concluded. . . . I have been concerned that my credit worthiness has been effected [*sic*] by the Defendant's failure to pay my medical bills for up until almost one year after I incurred the first bill. I had received many past due notices from my providers during this time. . . . I have incurred cost in entry fee in filing this suit, along with service of process and court reporter fees for deposition and attorney fees in my attempt to get the Defendant to pay medical bills. . . . I was forced by Defendant's refusal to pay my bills to file suit."