Merrick, J.
The plaintiff, Marie Chery (“Chery), brought this action seeking in count 1, personal injury protection (“PIP”) benefits under G.L.c. 90, §34M for medical expenses for injuries from an accident in which she was a passenger in an automobile insured by the defendant, Metropolitan Property & Casualty Insurance Company (“Metropolitan”), and in count 2, damages for unfair and deceptive practices arising out of Metropolitan’s alleged failure to pay those PIP benefits timely. Chery by her counsel had sent a written demand for relief under G.L.c. 93A, §9 on September 12, 2007 and brought this action only nine days later on September 21, 2007. On October 15,2007, Metropolitan by its counsel made a five-page response to the G.L.c. 93A demand letter, specifically stating that it did so “[wjithout waiving its procedural defenses.” In its answer to the complaint, filed on October 18, 2007, Metropolitan raised two affirmative defenses alleging the failure to comply with the demand requirements of G.L.c. 93A, §9(3) to be both a failure of notice and a failure to meet a condition precedent.
After suit was brought, Metropolitan paid all of Cilery's medical bills except for one incurred after suit and for which the complaint was not amended to include. A judge then allowed Metropolitan’s motion for summary judgment on both counts, relying on Fascione v. CNA Ins. Cos, 435 Mass. 88 (2001). That decision was the subject of an appeal to the Appellate Division, which affirmed it, and then to the Appeals Court. The Appeals Court affirmed summary judgment for Metropolitan on count 1, the PIP claim, on the ground that the only bill not paid was incurred after suit and was not claimed in Chery’s unamended complaint, but vacated summary judgment on count 2, the G.L.c. 93A claim, holding that Metropolitan’s failure to pay the bills timely, requiring her to bring suit, is a sufficient basis to go to trial on a claim for violation of G.L.c. 93A. Chery v. Metropolitan Prop. & Cas. Ins. Co., 2009 Mass. App. Div. 210, aff’d in part, rev’d in part, 79 Mass. App. Ct. 697 (2011), rev. den., 460 Mass. 1111 (2011). Neither the summary judgment motion nor the appeal raised the issue of the absence of a demand under G.Lc. 93A, §9 “at least thirty days prior to the filing of any such action.”
After remand, both parties filed motions for summary judgment, Metropolitan now arguing in its motion filed November 23, 2011 that this action was not preced *46 ed at least 30 days by a G.L.C. 93A demand letter.
While those motions were initially denied, Metropolitan renewed its argument in a motion to dismiss, designated as a “motion in limine,” when the case was called for trial. Chery argues that Metropolitan had waived the defense. A judge allowed the motion. Chery has appealed.
The demand letter requirement in G.L.c. 93A, §9(3) provides in material part:
At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent.
“ [T]he thirty-day requirement, as part of the requirement of a written demand for relief, is a prerequisite to suit, to be alleged and proved. (Citation omitted.) But it is not jurisdictional in the sense that a party cannot waive it....” York v. Sullivan, 369 Mass. 157, 163 (1975) (thirty-day notice defense held waived where the defendant did not plead or argue it but the trial judge raised it sua sponte).
Acknowledging that there was not a demand under G.L.c. 93A made 30 days before the suit, Chery intermingles arguments that Metropolitan’s failure to raise the issue in its first motion for summary judgment and on the appeal of the ruling on that motion both waived the requirement and amounted to claim or issue preclusion on the subject.
A waiver is the “voluntary or intentional relinquishment of a known right.” Merrimack Mut. Fire Ins. Co. v. Nonaka, 414 Mass. 187, 189 (1993). There is no evidence of an intention of Metropolitan to waive the defense. To the contrary, it pleaded the absence of a proper 30-day demand in two affirmative defenses on different theories. It is true that Metropolitan did not raise the argument in its earlier summary judgment motion or the appeal of the ruling on that motion. We are aware of no rule that requires any motion for summary judgment to include all possible defenses to the claim on pain of waiver of any not included in the motion. See Clark v. Trumble, 44 Mass. App. Ct. 438, 440 (1998) (where affirmative defense pleaded in answer, failure to raise it in summary judgment opposition memorandum does not waive it). There would have been little point to Metropolitan raising the issue at that time. Dismissal of the instant action would not have been res judicata barring a second action, since the judgment would have been on grounds usually raised in abatement, specifically failure to meet a condition precedent to suit.[1] York, supra at 164, citing Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 693-694 (1974).
Issue and claim preclusion fall under the rubric of res judicata, and both require the essential element of a prior final judgment. Ajemian v. Yahoo!, Inc., 83 Mass. App. Ct. 565, 571-572 (2013); Korn v. Paul Revere Life Ins. Co., 83 Mass. App. Ct. 432, 436 (2013). Of course, there has been no final judgment to serve as the basis for issue or claim preclusion on this G.L.c. 93A claim.
*47 Chery also argues that since Metropolitan did not file its answer to the complaint herein until 30 days after the demand letter (and thus had the full 30 days to make an offer of settlement), and since Metropolitan responded to her G.L.c. 93A demand letter without making a settlement offer, it has not been prejudiced by Chery’s premature suit and therefore waived the requirement. The short answer to these arguments is simply that while the statutory condition precedent to suit is clear, there is no language in a statute or a case suggesting that the absence of prejudice to the other party excuses, let alone waives, the condition precedent.
In Barron v. Fidelity Magellan Fund, 57 Mass. App. Ct. 507 (2003), the Court ruled that language in G.L.c. 93A, §9(3) limiting damages in securities cases to actual damages does not preclude an award of attorney’s fees under the next subparagraph, §9(4), where actual damages are found. Id. at 514-515. Contrary to Chery’s wishful thinking, couched in the terms of argument, the case does not suggest that the plaintiff may recover actual damages and attorney’s fees in the absence of a proper G.L.c. 93A demand at least thirty days prior to suit.
Certainly, it is true that “ [w]here the parties try a case on a mutually assumed theory of law, without objection, neither party may be heard to complain on appeal because that theory has become the ‘law of the case.’” Nealon v. Johnson, 2013 Mass. App. Div. 38, 40, quoting H.T. Lummus, The “Law of the Case” in Massachusetts, 9 B.U.L. Rev. 225,227-228 (1929). Here, however, there was no trial or final judgment. Prior to final judgment, “[a]ny rule denying the right of a judge to revise or vacate the earlier decree of another in the same case would in practice run counter to the elementary principle that any action of the court short of final judgment or decree remains within the control of the court and is open to revision until final judgment or decree.” Lummus, supra at 234. See Riley v. Presnell, 409 Mass. 239, 242 (1991).
Finally, at oral argument, Chery’s counsel requested this Division to consider two Supreme Judicial Court decisions issued after his brief was filed. The cases, he argued, stood for the proposition that attorney’s fees should be awarded in any case where a violation of G.L.c. 93A had occurred. In fact, those cases only repeat the longstanding rule that attorney’s fees should be awarded in the event of a judgment for a violation of G.L.c. 93A, and in each of them, there was a timely demand letter under G.L.c. 93A §9(3) followed by a judgment under the statute. Wheatley v. Massachusetts Insurers Insolvency Fund, 465 Mass. 297, 298 (2013); Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 168-170 (2013). The cases are utterly irrelevant to the issue before us — whether a party can, in the circumstances here, maintain an action under G.L.c. 93A, §9(3) in the absence of a demand under the statute, made thirty days prior to suit. The answer to that question is “no.”
Judgment affirmed.
So ordered.

 Tn fact, Chery did file a second action in December, 2011 on this same claim. That second action, however, was dismissed as it was brought after the four-year statute of limitations applicable to actions under G.L.c. 93A G.L.c. 260, §5A