JORGE L. ORTIZ *vs.* SHERMAN C. STEIN.

No. 89-P-1391.

Hampden. April 9, 1991. - December 10, 1991.

Present: WARNER, C.J., JACOBS, & PORADA, JJ.

*Evidence*, Hearsay, Expert opinion, Medical record. *Negligence*, Medical malpractice. *Medical Malpractice*, Expert opinion. *Proximate Cause*.

At the trial of a medical malpractice claim, G. L. c. 233, § 79G, a statutory exception to the hearsay rule, did not entitle the plaintiff to the admission of an affidavit by a physician who had neither treated the plaintiff nor examined him. [644-646]

CIVIL ACTION commenced in the Superior Court Department on May 22, 1986.

The case was tried before *George C. Keady, Jr.*, J.

*Robert H. Astor* for the plaintiff.

*Michael K. Manning* for the defendant.

JACOBS, J. This medical malpractice action was dismissed after a Superior Court jury found that the defendant's negligence was not a proximate cause of the plaintiff's injuries. The principal question presented by this appeal is whether an opinion affidavit of a physician who neither treated nor examined the plaintiff should have been admitted in evidence pursuant to G. L. c. 233, § 79G, as amended through St. 1988, c. 130. We agree with the judge that the affidavit was not admissible and affirm the judgment.

The affidavit purported to be based upon a review of medical records pertaining to the plaintiff and contained opinions as to the liability of the defendant ("Dr. Stein deviated from [the] acceptable standard of medical care") and the cause of the plaintiff's injury ("The presence of [an injected chemical] in the subarachnoid space . . . probably caused the [plaintiff's] arachnoiditis"). After the plaintiff gave notice of

his intention to offer the affidavit in evidence, the defendant successfully challenged its admission by a motion in limine.

The affidavit, "[b]eing an extrajudicial statement . . . was hearsay and not admissible as proof of its content except by way of an exception to the general exclusionary rule." *Wiik* v. *Rathore*, 21 Mass. App. Ct. 399, 402 (1986). General Laws c. 233, § 79G, provides in pertinent part:

> "In any proceeding commenced in any court, commission or agency, an itemized bill and reports, including hospital medical records, relating to medical, dental, hospital services, prescriptions, or orthopedic appliances rendered to or prescribed for a person injured, or any report of any examination of said injured person, including, but not limited to hospital medical records subscribed and sworn to under the penalties of perjury by the physician, dentist, authorized agent of a hospital or health maintenance organization rendering such services or by the pharmacist or retailer of orthopedic appliances, shall be admissible as evidence of the fair and reasonable charge for such services or the necessity of such services or treatments, the diagnosis of said physician or dentist, the prognosis of such physician or dentist, the opinion of such physician or dentist as to proximate cause of the condition so diagnosed, the opinion of such physician or dentist as to disability or incapacity, if any, proximately resulting from the condition so diagnosed . . . . Nothing contained in this section shall be construed to limit the right of any party to the action to summon, at his own expense, such physician, dentist . . . for the purpose of cross examination with respect to such bill, record and report . . . nor to limit the right of any party to the action or proceeding to summon any other person to testify in respect of such bill, record or report or for any other purpose."

If each word of this statute is to be given force and effect, *Commissioners of Pub. Works* v. *Cities Serv. Oil Co.*, 308 Mass. 349, 360 (1941), the reference to the "report of any

examination . . . subscribed . . . by the physician . . . rendering such services . . ." limits the admissible reports to those authored by a physician who treated or examined the injured person in question. The plaintiff argues, however, that the scope of § 79G is sufficient to include the opinion "report" of a physician as to proximate cause without regard to whether the physician treated or examined the person claiming injury. This inventive interpretation places impossible strain upon the plain language of § 79G; it also runs counter to the purpose of that statute.

Prior to its amendment in 1988, § 79G applied to proof of medical and hospital bills but not to reports, and constituted a straightforward statutory exception to the hearsay rule. See *Phelps* v. *MacIntyre*, 397 Mass. 459, 462 (1986); Liacos, Massachusetts Evidence 268 (5th ed. 1981). Central to its purpose was the avoidance of generally perfunctory and time-wasting court appearances by "persons from whom [a plaintiff] had received medical care and treatment." Hughes, Evidence § 596, at 820 (1961). See *Phelps* v. *MacIntyre*, *supra* at 463. The 1988 amendment essentially extended the economies of proof by sworn document to other statements commonly included in the records of a treating or examining physician and relating to diagnosis, prognosis, and the cause and disabling effect of a patient's condition. Implicit in that extension is the recognition that the economies of proving medical bills without witnesses in personal injury cases frequently are nullified by pragmatic trial considerations requiring that the billing physician be called to testify to or from his recorded observations and opinions which often are as uncontroverted as the medical bills. Absent any recorded legislative history,[1] the plain language of the 1988 amendment, viewed in the light of its apparent purpose, see *Sterilite Corp.* v. *Continental Cas. Co.*, 397 Mass. 837, 839 (1986),

---

[1] According to one commentator, representatives of the Massachusetts Academy of Trial Attorneys testified in support of the 1988 amendment but filed no written comments. Dickson, Recent Developments: Amendments to G. L. c. 93A and G. L. c. 233 Sec. 79G, 33 Boston B.J. 21, 22 (1989).

impels us to construe the statute as inapplicable to the report of a physician who neither examined nor treated the plaintiff.

Causation is an essential element of a medical malpractice claim. Its proof generally requires the testimony of an expert linking negligence to injury. *Harlow* v. *Chin*, 405 Mass. 697, 702 (1989). To permit that element to be satisfied by the affidavit "report" of a physician who has not examined the plaintiff is to introduce a radical change in the law applicable to the trial of such claims.[2] The enormous impact of such change is hardly mitigated by the statutory provision preserving to the party opposing the mailed-in opinion, the right, at his own expense, to summon and cross-examine the author. Such cross-examination, necessarily conducted as part of the opponent's case, could hardly test an opinion as effectively as when done immediately after its admission in evidence. In the absence of clear statutory expression, we will not assume that such an extreme change was intended.[3] *Ferullo's Case*, 331 Mass. 635, 637 (1954).

*Other claimed errors.* The plaintiff's attempts to characterize evidence which tended to contradict his claims of total

---

[2]Our opinion is confined to the trial scenario and is not intended to be applicable to hearings conducted by medical malpractice tribunals convened pursuant to G. L. c. 231, § 60B. See *Gugino* v. *Harvard Community Health Plan*, 380 Mass. 464, 468 (1980).

[3]Although not cited to us, we have reviewed the provisions of rule 803(6) of the Proposed Massachusetts Rules of Evidence, portions of which are analogous to G. L. c. 233, § 79G, to determine if it offers guidance. See *Grant* v. *Lewis/Boyle, Inc.*, 408 Mass. 269, 274 & n.3 (1990). The Advisory Committee's note to Fed.R.Evid. 803(6), which the proposed rule duplicates, indicates that the report of a physician evaluating a party to a personal injury claim might be considered to have been made in the routine of the physician's business and therefore admissible under the rule. See 56 F.R.D. 183, 310 (1972). Such a report has been held inadmissible, however, when prepared for litigation purposes and offered by the party at whose request it was made. *Palmer* v. *Hoffman*, 318 U.S. 109, 113-115 (1943). *United States* v. *Bohrer*, 807 F.2d 159, 162 (10th Cir. 1986). We find no indication that an opinion report prepared after suit was filed, as was here the case, would be admissible under these rules.

disability and constant pain as evidence of prior bad acts are misguided and do not merit detailed discussion.

*Judgment affirmed.*