KENNETH R. KNIGHT & another[1] *vs.* MAERSK CONTAINER
SERVICE COMPANY, INC., & others.[2]

No. 98-P-482.

Middlesex. March 14, 2000. - May 25, 2000.

Present: GREENBERG, KAPLAN, & SMITH, JJ.

*Evidence,* Hearsay, Expert opinion, Medical report. *Negligence,* Proximate
cause. *Proximate Cause.*

At the trial of a negligence action, the judge correctly ruled that G. L. c. 233,
§ 79G, required that a physician's attestation to his medical report ac-
company the report when it was being offered in evidence at trial, but that
the attestation need not be served on the opposing party as part of the writ-
ten notice of the intention to offer the report in evidence, which includes a
copy of the report. [255-256]

CIVIL ACTION commenced in the Superior Court Department on
July 12, 1994.

The case was tried before *Christine M. McEvoy,* J.

*Leonard Glazer* (*Frank E. Glazer* with him) for the plaintiffs.
*W. Joseph Flanagan* for the defendants.

SMITH, J. On July 12, 1994, the plaintiffs, Kenneth R. Knight
(Knight) and his wife, brought a negligence action in the
Superior Court against the defendants, Maersk Container Service
Company, Inc., Universal Maritime Service Corp. (collectively
Maersk), and Bobby J. Ogelsby, Jr. The complaint alleged that
Ogelsby negligently backed a tractor owned by Maersk into a
chassis and caused it to strike another chassis that pinned Knight
and thereby caused serious injuries.

During the trial in the Superior Court, the defendants offered
in evidence the medical report of Mordecai Berkowitz, M.D.
(Berkowitz report). Dr. Berkowitz had examined Knight at

---

[1] Jean M. Knight.

[2] Universal Maritime Service Corp. and Bobby J. Ogelsby, Jr.

the request of the defendants' claims-adjusting service. The report was favorable to the defendants because the doctor stated that he had "difficulty causally relating the broad scope of [Knight's] symptoms to the incidents." The plaintiffs objected to the introduction of the report, claiming that the defendants had not complied with G. L. c. 233, § 79G, because Dr. Berkowitz's attestation had not accompanied the copy of the report sent to plaintiffs' counsel. The judge overruled the objection.

The jury, in answers to special questions, found Ogelsby negligent; however, the jury also found that Ogelsby's negligence was not causally related to Knight's injuries. On appeal, the plaintiffs' only issue is whether the judge committed error in allowing the Berkowitz report in evidence.

General Laws c. 233, § 79G, as appearing in St. 1988, c. 130, allows, among other things, the opinion of an examining physician as to the proximate cause of the injuries that he or she observed, to be placed in evidence as an exception to the hearsay rule. See *Ortiz* v. *Stein*, 31 Mass. App. Ct. 643, 645- 646 (1991); *Gompers* v. *Finnell*, 35 Mass. App. Ct. 91, 94 (1993). However, in order for such a medical report to be admissible in evidence at trial, § 79G mandates that certain requirements be met, namely that (1) written notice of the intention to offer the report in evidence, along with a copy of the report, must be served on the opposing party or his attorney by certified mail, return receipt requested, not less than ten days before the introduction of the report; (2) an affidavit of such notice and the return receipt must be filed with the clerk forthwith after the return receipt is received; and (3) the report must be subscribed and sworn to under the penalties of perjury by the physician.

The judge held a hearing at the time that the Berkowitz report was offered in evidence. Defense counsel conceded that Dr. Berkowitz's attestation did not accompany the copy of the report sent to plaintiffs' counsel, but argued that it was not necessary, at that stage, that the attestation be sent to the opposing party.

After hearing argument from counsel, the judge determined that the notice required by the statute had been met; a copy of the Berkowitz report along with notice of the defendants' intention to offer it in evidence had been served on plaintiffs' counsel some ten months before trial. In addition, the judge found that defendants' counsel filed the required affidavit of compliance in a timely manner.

The judge then ruled that § 79G required that a physician's attestation must accompany the report when it was being offered at trial, but was not mandatory when the medical report was served on opposing counsel. There was no error.

Here, there was ample pretrial notice to plaintiffs' counsel that the defense planned to offer the Berkowitz report in evidence. Therefore, "the opposing party [was given] the opportunity to summons the physician for the purposes of cross-examination." *Grant* v. *Lewis/Boyle, Inc.*, 408 Mass. 269, 274 (1990).

Moreover, there is nothing in § 79G indicating that the attestation must accompany the copy of the report when it is served on opposing counsel or opposing parties. Rather, the statute states only that, if the report is to be admissible at trial, it must be "subscribed and sworn to under the penalties of perjury by the physician."

Like other forms of documentary evidence, medical reports are created in the ordinary course of a hospital's or physician's medical practice and not in connection with litigation. Thus, such reports are not usually created or written with attestations of the author; the attestation is later obtained and at trial either accompanies or is affixed to the report. If the Legislature intended to require that attestations of all reports be obtained and served more than ten days before they are offered in evidence, it could have made this requirement a part of the statute.

In support of his argument, the plaintiffs cite appellate decisions in Rhode Island which construe a statute similar to G. L. c. 233, § 79G. See *Andrews* v. *Masse*, 115 R.I. 104 (1975); *Hudson* v. *Napolitano*, 575 A.2d 187 (R.I. 1990); *Jameson* v. *Hawthorne*, 635 A.2d 1167 (R.I. 1994). We have examined those decisions; they do not deal with the precise issue before us, nor would we be bound by them in any event. See *Massachusetts Elec. Co.* v. *Massachusetts Commn. Against Discrimination*, 375 Mass. 160, 167 (1978).

*Judgment affirmed.*