MAUREEN O'MALLEY *vs.* TRINA SOSKE.

No. 09-P-315.

Suffolk. November 17, 2009. - March 31, 2010.

Present: RAPOZA, C.J., SMITH, & LENK, JJ.

*Evidence,* Medical report, Business record, Hearsay. *Negligence,* Motor vehicle. *Statute,* Construction.

In a personal injury action, the trial judge did not err in admitting in evidence, under G. L. c. 233, § 79G, a report prepared by a medical doctor at the request of the defendant after the complaint had been filed, where the language of that statute, as amended through St. 1988, c. 130, allows in evidence not only medical reports generated in the ordinary course of the work of a physician but also reports made in the course of litigation, despite traditional concerns about their reliability and trustworthiness. [496-499]

CIVIL ACTION commenced in the Superior Court Department on May 17, 2005.

The case was tried before *Thomas E. Connolly,* J.

*John N. Lewis* for the plaintiff.

*Joseph M. Noone* for the defendant.

SMITH, J. On May 21, 2002, an automobile operated by the plaintiff, Maureen O'Malley, was struck in the rear, while stopped in traffic on Storrow Drive in Boston, by an automobile operated by the defendant, Trina Soske.

On May 17, 2005, the plaintiff brought a complaint in the Superior Court against the defendant. At trial, the plaintiff alleged, among other things, that the defendant was negligent and that, as a result, the plaintiff suffered injuries to her neck and back and was required to undergo neck surgery in October of 2002. The defendant disputed the plaintiff's claim of injury and that the neck surgery was causally related to the May 21 automobile accident.

On July 12, 2006, after the complaint had been filed, the plaintiff was examined by Dr. Gordon F. Lupien, an orthopedic surgeon, at the request of the defendant. After the examination, the doctor submitted a report to the defendant. The report favored the defendant's position, stating that "[t]here is no indication that [the plaintiff] sustained any anatomical derangement or structural lesion of her musculoskeletal system as a consequence of the subject accident." At trial, the doctor did not testify and the defendant offered the report. The plaintiff objected to the introduction of the report, claiming that because it was prepared for the purpose of litigation, the report was not admissible pursuant to G. L. c. 233, § 79G. The judge overruled the objection. In answers to special questions, the jury found the defendant negligent; however, the jury also found that the defendant's negligence was not causally related to the plaintiff's injuries.

On appeal, the plaintiff claims that G. L. c. 233, § 79G, allows in evidence only those reports that carry a presumption of reliability, arising from the reports having been generated in the ordinary course of the work of a physician, but not a report made in the course of litigation.[1]

*Discussion.* The statute at issue, G. L. c. 233, § 79G, as amended through St. 1988, c. 130, provides, in relevant part:

"In any proceeding commenced in any court, . . . reports, including hospital medical records, relating to medical

---

[1]The plaintiff makes no claim that the statute's provisions regarding notice, see *Grant* v. *Lewis/Boyle, Inc.,* 408 Mass. 269, 274 (1990) (party seeking to offer report at trial must satisfy statute's notice requirements), and attestation, see *Knight* v. *Maersk Container Serv. Co.,* 49 Mass. App. Ct. 254, 256 (2000) (statute requires that physician's attestation accompany report when offered at trial), were not satisfied. In addition, although the plaintiff characterizes Lupien's examination as "superficial," she does not dispute that Lupien examined her. See *Ortiz* v. *Stein,* 31 Mass. App. Ct. 643, 645-646 (1991) (statute does not apply to report of physician who did not examine or treat injured person).

The plaintiff's brief refers to Lupien as "a *retired* orthopaedic surgeon" emphasis supplied, and Lupien's report states he is "a board certified orthopaedic surgeon licensed to practice in Massachusetts." The plaintiff does not argue that Lupien did not qualify as a physician under the statute. See G. L. c. 233, § 79G ("The word[] 'physician' . . . *shall not include any person who is not licensed to practice* as such under the laws of the jurisdiction within which such services were rendered" [emphasis supplied]).

. . . [or] hospital services, . . . or any report of any examination of said injured person, . . . shall be admissible as evidence of . . . the diagnosis of said physician . . . , the prognosis of such physician . . . , the opinion of such physician . . . as to proximate cause of the condition so diagnosed, the opinion of such physician . . . as to disability or incapacity, if any, proximately resulting from the condition so diagnosed . . . ."

Prior to its 1988 amendment, G. L. c. 233, § 79G, authorized admission in evidence only of bills for medical services which were evidence of "the necessary, fair and reasonable charge for such services." G. L. c. 233, § 79G, as amended through St. 1987, c. 540. Thus, "[p]rior to its amendment in 1988, § 79G applied to proof of medical and hospital bills but not to reports, and constituted a straightforward statutory exception to the hearsay rule." *Ortiz* v. *Stein,* 31 Mass. App. Ct. 643, 645 (1991).

The 1988 amendment considerably expanded § 79G both as to the records covered and the purposes for which such records may be admitted in evidence. See *Gompers* v. *Finnell,* 35 Mass. App. Ct. 91, 93-94 (1993) (describing broadening of statute); *Commonwealth* v. *Schutte,* 52 Mass. App. Ct. 796, 798 (2001) (same). It allows in evidence "reports" that are not limited to hospital records, including "any report" of "any examination" by a physician, contingent on the satisfaction of specific statutory prerequisites. See *id.* at 799-800 & n.2. Further, the statute explicitly states that such reports are admissible "as to proximate cause of the condition so diagnosed." Therefore, § 79G allows "the opinion of an examining physician as to the proximate cause of the injuries that he or she observed . . . to be placed in evidence as an exception to the hearsay rule." *Knight* v. *Maersk Container Serv. Co.,* 49 Mass. App. Ct. 254, 255 (2000). See Mass. G. Evid. § 803(6)(C)(ii), at 259-260, 273-275 (2010). It is not disputed that Lupien's report was made in preparation for trial. The plaintiff, nevertheless, argues that because Lupien's report was prepared for use in litigation, it lacks the indicia of reliability required for exception to the hearsay rule and admission under the statute.

Exceptions to the rule against hearsay have long been recognized only where "circumstantial guarantees of trustworthi-

ness" justify departure from the general rule. 2 McCormick, Evidence § 253, at 166 (6th ed. 2006), quoting from 5 Wigmore, Evidence § 1422 (Chadbourn rev. ed. 1974). Hospital records are included as an exception to the rule, under an expansion of the business records exception, as "the safeguards of trustworthiness of records of the modern hospital are at least as substantial as the guarantees of reliability of records of business establishments generally." 2 McCormick, *supra* at § 293, at 319-320. See *Bouchie* v. *Murray*, 376 Mass. 524, 527-528 (1978); Mass. G. Evid. § 803(6)(B). Because these records are deemed at least as reliable as live testimony, they are admissible as exceptions to the rule against hearsay to avoid needless delay and inconvenience. See 2 McCormick, *supra* at § 253, at 166; 5 Wigmore, *supra* at § 1522, at 442-443. See also *Bouchie, supra.*

Reports prepared for use in litigation are considered to be without the circumstantial guarantees of trustworthiness required for admissibility. This is because, "where the only function that the report serves is to assist in litigation or its preparation, many of the normal checks upon the accuracy of business records are not operative." 2 McCormick, *supra* at § 288, at 311 n.31. Put another way, if a report is prepared strictly for litigation purposes, a clear motivation exists that could incline the preparer toward misrepresentation, error, or overstatement. See generally 4 Mueller & Kirkpatrick, Federal Evidence § 8.83, at 754-755 (3d ed. 2007).

Here, notwithstanding those concerns, the admissibility of Dr. Lupien's report is dependent upon the language of G. L. c. 233, § 79G. Absent that statute, Dr. Lupien's report ordinarily would be excluded as hearsay. However, "[t]he Legislature doubtless has the power to prescribe the rules of evidence and the methods of proof to be employed in trials in court . . . . It may change the rules of common law or those provided by existing statutes, and may make competent that which had been previously inadmissible." *Commonwealth* v. *Bradway*, 62 Mass. App. Ct. 280, 284-285 (2004), quoting from *Meunier's Case*, 319 Mass. 421, 425 (1946). See Mass. G. Evid. § 802, at 255-256. See also *McHoul, petitioner*, 445 Mass. 143, 147 (2005). The Legislature therefore has the authority, within constitutional limits, to

make admissible documents prepared for use in litigation (such as Dr. Lupien's report) despite the traditional concerns about their reliability and trustworthiness. See generally Young, Pollets, & Poreda, Evidence § 102.5 (2d ed. 1998).

Further, it is clear from the express language of G. L. c. 233, § 79G, that the Legislature exercised this authority when it amended the statute in 1988. See *Commonwealth* v. *Nieves*, 446 Mass. 583, 590 (2006) (where statute is clear, it is interpreted as written). The statute explicitly states that "[i]n any proceeding commenced in any court, . . . *any* report of *any* examination of said injured person . . . shall be admissible as evidence of . . . the opinion of such physician . . . as to proximate cause of the condition . . . diagnosed." The statute does not expressly disqualify a report because it was prepared for litigation. See *Schutte*, 52 Mass. App. Ct. at 799 (noting statute does not disqualify report "merely because it was prepared in anticipation of litigation," where report was by offering party's treating physician). See also *Commonwealth* v. *McLeod*, 437 Mass. 286, 294 (2002) (court "will not add words to a statute that the Legislature did not put there"). In addition, such a construction would be inconsistent with the statute as a whole, see *Kargman* v. *Commissioner of Rev.*, 389 Mass. 784, 788 (1983) ("statutes should be interpreted as a whole to constitute a consistent and harmonious provision"), as the reports admissible under the statute "pertain to issues commonly involved in personal injury claims and litigation." *Schutte, supra* at 800 (noting reports admissible under statute may include opinion of physician as to proximate cause of condition diagnosed and disability or incapacity proximately resulting from condition diagnosed).

For the above reasons, we hold that the judge did not commit error in admitting in evidence Dr. Lupien's report.

*Judgment affirmed.*