NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-236

ALAN R. GALLOTTA & another[1]

vs.

JEFFREY G. BURNS & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On February 19, 2020, the defendant, Jeffrey Burns, was driving on Washington Street in Braintree when he crossed the center yellow lines and collided with a vehicle occupied by the plaintiffs, Alan and Dianne Gallotta.[3] A civil complaint was filed by the plaintiffs claiming that Jeffrey negligently operated the motor vehicle and caused their injuries and that Jeffrey's wife, Marcia,[4] as owner of the vehicle, was liable for Jeffrey's negligence and for negligent entrustment. A jury found in favor of the plaintiffs with respect to the claim

---

[1] Dianne M. Gallotta.

[2] Marcia A. Burns.

[3] Dianne Gallotta and Alan Gallotta will be referred to individually by their first names and collectively as the "plaintiffs."

[4] Jeffrey Burns and Marcia Burns will be referred to individually by their first names and collectively as the "defendants."

against Jeffrey and awarded damages.  The jury found in favor of Marcia with respect to the claims against her.  Jeffrey and the plaintiffs appealed.[5]  We address each category of evidence that Jeffrey argues should not have been admitted before addressing the category of evidence the plaintiffs argue should have been admitted.

Background.  We summarize the relevant trial evidence and procedural history as follows.  The defendants were married and lived together for the duration of their marriage.  Marcia was the registered owner of a Ford Explorer, which she allowed Jeffrey to drive.  Although she was aware of Jeffrey's driving history and knew that he had been involved in driving accidents in the past, she testified that she had no concerns about his ability to drive or concerns that he would drive under the influence of alcohol.

On the night of the collision, Jeffrey was driving Marcia's Ford Explorer on Washington Street in Braintree.  He crossed the double solid lines on the road and crashed into the plaintiffs' car.  The head on collision injured the plaintiffs and caused significant damage to both vehicles.

After arriving on the scene, Braintree Police Officer John Cole spoke with Jeffrey.  Jeffrey told Officer Cole that he was

---

[5] Both the defendants make arguments in opposition to the plaintiffs' cross appeal.

2

arguing with his wife on the phone before the collision and was not paying attention to the road. Officer Cole observed that Jeffrey was supporting himself with a trash can located on the sidewalk, his eyes were bloodshot, his breath had a strong odor of alcohol, and his speech was "thick-tongued" and slurred. After Officer Cole asked if Jeffrey had consumed any alcohol, Jeffrey admitted to consuming two to three beers prior to leaving his house.[6]

The plaintiffs commenced an action raising negligence claims against Jeffrey as the driver and Marcia as the owner and claims of negligent entrustment against Marcia. During the final pretrial conference, the judge heard arguments regarding the defendants' motion in limine to preclude any evidence of Jeffrey's alcohol consumption prior to the accident. The judge denied the defendants' motion, ruling that the evidence of alcohol consumption was relevant and admissible. The judge also heard arguments regarding the defendants' motion in limine to preclude evidence of Jeffrey's registry of motor vehicles (RMV) driving history. The judge allowed this motion in part, allowing evidence of Jeffrey's RMV driving record from October

---

[6] Criminal charges were brought against Jeffrey, which are not the subject of this appeal. He pleaded guilty to negligent operation of a motor vehicle.

3

29, 2002, to February 10, 2013, and precluding evidence of Jeffrey's RMV driving record prior to October 29, 2002.

A jury trial began on September 7, 2022. On the second day of trial, the defendants objected when the plaintiffs sought to offer hospital records of Dianne's medical expenses. After hearing arguments, the judge allowed the evidence. The defendants also objected before the plaintiffs sought to introduce testimony regarding their respective injuries and accompanying life expectancy tables. The judge invited the defendants to object and renew their argument when the plaintiffs were on the stand, but the defendants never did during Dianne's testimony, nor during Alan's testimony about his own injuries, and the testimony was accordingly admitted into evidence.

The jury ultimately returned a verdict in favor of the plaintiffs against Jeffrey. They found that Jeffrey was both negligent and the cause of the plaintiffs' injuries and awarded damages. The jury found that Marcia, as owner of the vehicle, was not negligent in allowing Jeffrey to drive her car, because she did not have the authority or means to control Jeffrey's use of the car at the time of the accident. On the issue of negligent entrustment, the jury returned a verdict in favor of Marcia, finding that Jeffrey was not an incompetent or unfit driver. This timely appeal and cross appeal followed.

4

Discussion. 1. Jeffrey's appeal. a. Alcohol consumption. Jeffrey argues that the judge abused his discretion in allowing in evidence of his alcohol consumption because the probative value was outweighed by the potential that it might prejudice or inflame the jury. "Relevant evidence is admissible as long as the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice" (citation omitted). Commonwealth v. Reyes, 483 Mass. 65, 74 (2019). "In weighing the probative value of evidence against any prejudicial effect it might have on a jury, we afford trial judges great latitude and discretion and will uphold a judge's decision unless it constitutes an abuse of discretion" (quotation and citation omitted). Commonwealth v. Fan, 490 Mass. 433, 443 (2022). Here, the judge weighed the probative value and prejudice of the proffered evidence and allowed the evidence to be admitted because it was "at the heart of the negligence claim." We see no abuse of discretion in this ruling.

In a negligence action, "the plaintiffs bear the burden of proving that the defendant committed a breach of the duty to use reasonable care, that the plaintiffs suffered actual loss, and that the defendant's negligence caused their loss." Glidden v. Maglio, 430 Mass. 694, 696 (2000). Jeffrey argues that the evidence of his alcohol consumption was overly prejudicial and

5

not needed because it was undisputed that he crossed the centerline and struck the plaintiffs' vehicle.  Indeed, in his opening statement to the jury, counsel for the defendants conceded this fact.  However, prior to trial, the defendants had not conceded that Jeffrey had breached his duty to use reasonable care as a driver and they did not stipulate to negligence at trial.  Accordingly, despite the fact that trial counsel told the jury that Jeffrey caused the collision, the plaintiffs still bore the burden of proving the elements of their case, including negligence by Jeffrey.  Evidence that Jeffrey had been drinking alcohol prior to the accident was certainly relevant and exceedingly probative.

Jeffrey similarly argues that his guilty plea of negligent operation of a motor vehicle in the related criminal matter could have been used to prove his negligence instead of the evidence of alcohol consumption and that the evidence of alcohol consumption was overly inflammatory and prejudicial.  Again, we see no reason why the plaintiffs should be constrained in proving their case by limiting relevant evidence.  The plaintiffs are not required to prove their case using only evidence that is least harmful to the defendant.  See Farnham v. Lenox Motor Car Co., 229 Mass. 478, 481 (1918) ("Each party must have on proper demand at least one fair opportunity to present to the jury the evidence which raises a disputed issue of

6

fact").  The evidence of Jeffrey's admission to alcohol

consumption prior to the accident and Officer Cole's

observations was strong evidence to establish negligent

operation.  Given that it was "within the judge's discretion to

decide whether the probative value of the evidence outweighs the

possibility that it would mislead or prejudice the jury,"

Kobico, Inc. v. Pipe, 44 Mass. App. Ct. 103, 109 (1997), there

was no abuse of discretion in allowing evidence that Jeffrey had

been drinking prior to the accident.  Accordingly, the trial

judge acted within his discretion in concluding that Jeffrey's

alcohol consumption was relevant and the probative value of this

evidence was not outweighed by the risk of unfair prejudice to

the defendants.

Jeffrey also argues that evidence of his alcohol

consumption should not have been admitted because there was no

evidence that alcohol consumption caused the crash.  In essence,

he argues that evidence of alcohol consumption should have been

excluded because Jeffrey was found not guilty on the criminal

charge of operating a motor vehicle while under the influence of

alcohol.  Jeffrey fails to cite to any case law to support this

contention, and, in any event, this argument lacks merit.  While

the defendants were certainly free to argue to the jury that

alcohol did not contribute to the collision, it was not error

for the judge to admit relevant evidence about alcohol

consumption.  The criminal charge of operating a motor vehicle while under the influence of alcohol and the charge of negligent operation of a motor vehicle are two separate offenses.[7]  See Commonwealth v. Zagwyn, 482 Mass. 1020, 1022 (2019).  A finding of not guilty on a criminal charge of operating under the influence of alcohol does not automatically mean that a driver was not negligent or that alcohol did not contribute to that negligence in a civil context.  It was up to the jury to decide, based upon all of the admitted evidence, what role, if any, alcohol played in the crash.[8]  The evidence at trial regarding Jeffrey's admission to consuming alcohol prior to the crash coupled with Officer Cole's observations that Jeffrey was supporting himself with a trash can located on the sidewalk, his eyes were bloodshot, his breath had a strong odor of alcohol,

---

[7] "There are three elements to the crime of operating under the influence under G. L. c. 90, § 24:  (1) operation of a vehicle, (2) on a public way, (3) under the influence of alcohol." Commonwealth v. O'Connor, 420 Mass. 630, 631 (1995).  "A conviction of negligent operation requires a showing that the defendant operated the vehicle 'negligently so that the lives or safety of the public might be endangered.'"  Commonwealth v. Zagwyn, 482 Mass. 1020, 1021 (2019), quoting G. L. c. 90, § 24 (2) (a).

[8] Jeffrey also argues that it was unfair that this evidence was admitted when the defendants were unable to provide evidence that the driver of the plaintiffs' car may have had alcohol as well.  Given that it was undisputed that Jeffrey crossed the center line of the road, and that the defendants did not pursue any sort of contributory negligence claim, we see no merit in this argument.

and his speech was "thick-tongued" and slurred, was properly before the jury.

b. <u>Medical bills</u>. Jeffrey argues that the judge erred in allowing in evidence of Dianne's medical expenses under the business records exception pursuant to G. L. c. 233, § 79G. Essentially, he argues that the medical bills were not properly attested to when they were produced during discovery and that therefore they should not have been admitted at trial. "We review a trial judge's evidentiary decisions under an abuse of discretion standard." <u>N.E. Physical Therapy Plus, Inc</u>. v. <u>Liberty Mut. Ins. Co</u>., 466 Mass. 358, 363 (2013).

Whether the records were attested to at the time of discovery or not does not matter to our analysis. The records must be attested to at the time of admission at trial and it is undisputed that they were. Jeffrey is correct that G. L. c. 233, § 79G requires medical bills to be "subscribed and sworn to under the pains and penalties of perjury." However, his argument is inherently flawed, because the lack of attestation is only a bar to the evidence's admissibility. See G. L. c. 233, § 79G ("an itemized bill and reports . . . subscribed and sworn to under the penalties of perjury . . . <u>shall be admissible as evidence</u> of the fair and reasonable charge for such services" [emphasis added]). Here, Jeffrey does not contest that the records were attested to at the time they were

9

admitted into evidence. The plaintiffs also met the additional requirement under G. L. c. 233, § 79G "that written notice of the intention to offer such bill or report as such evidence, together with a copy thereof, has been given to the opposing party or parties, . . . not less than ten days before the introduction of same into evidence." Accordingly, we see no abuse of discretion in the admission of Dianne's medical bills into evidence. See Knight v. Maersk Container Serv. Co., 49 Mass. App. Ct. 254, 255-256 (2000).

c. Testimony of injuries and life expectancy tables. At trial, both plaintiffs testified about their injuries. Jeffrey argues that the plaintiffs were not medical experts and thus could not testify regarding the cause or permanency of their respective injuries. Similarly, he argues that related life expectancy tables could not be admitted because without such testimony, there was no evidence of the permanency of the plaintiffs' injuries.

On the second day of trial, after some discussion regarding the defendants' objections to evidence the plaintiffs planned to offer, including the life expectancy tables and testimony from the plaintiffs regarding the permanency of their injuries, the judge stated, "we'll see what the evidence actually does show; and I invite you, [counsel], to renew your argument." Despite the judge's invitation, the defendants did not make any

10

objections during Dianne's testimony.  The failure to make an objection prevents the defendant from now arguing on appeal that the admission was error.  See Shafnacker v. Raymond James & Assocs., Inc., 425 Mass. 724, 735 (1997).  While the defendants did object at certain points during Alan's testimony when he discussed Dianne's injuries, the judge took counsel's vague objections to be based on a lack of personal knowledge rather than being improper lay testimony related to causation or permanency.  Moreover, defense counsel made no objections during Alan's testimony about his own injuries.  We accordingly do not address Jeffrey's appellate arguments concerning the admission of either the life expectancy tables or testimony about the plaintiffs' injuries.[9]

2.  Plaintiffs' appeal.  We turn now to the plaintiffs' cross appeal, in which they argue that it was an abuse of discretion for the judge not to have admitted the entirety of Jeffrey's RMV driving record and claim that as a result, they are entitled to a new trial on the negligent entrustment claim. The plaintiffs argue that Jeffrey's entire driving record was probative evidence of their negligent entrustment claim against

---

[9] With respect specifically to the life expectancy tables, even if this issue were preserved by objection, Jeffrey's claim on appeal fails to rise to the level of appellate argument.  See Donovan v. Gardner, 50 Mass. App. Ct. 595, 602 (2000) (conclusory statements in brief do not rise to level of appellate argument).

11

Marcia because they alleged that she knew of his past driving history.  We again review for an abuse of discretion.  See Fan, 490 Mass. at 443.

To prevail on a claim of negligent entrustment, "the plaintiff must establish that (1) the defendant entrusted a vehicle to an incompetent or unfit person whose incompetence or unfitness was the cause of the plaintiff's injuries; (2) the persons who owned and controlled the vehicle gave specific or general permission to the operator to drive the automobile; and (3) the defendant had actual knowledge of the incompetence or unfitness of the operator to drive the vehicle."  Picard v. Thomas, 60 Mass. App. Ct. 362, 369 (2004).

The plaintiffs argue that the entirety of Jeffrey's driving record was required to be admitted because of its probative nature regarding Marcia's knowledge of her husband's unfitness to drive a car and that the judge had no discretion not to admit older portions of it.  Specifically, the plaintiffs sought to introduce evidence that Jeffrey was cited for operating a motor vehicle under the influence of alcohol in 2000, 1999, and 1992, as well as more minor incidents prior to October 29, 2002.

As with all evidence, a judge has the obligation to preclude it when the probative value is substantially outweighed by the risk of unfair prejudice.  See Fan, 490 Mass. at 443. Here, we see no abuse of discretion in the trial judge's

12

determination that the probative value of Jeffrey's RMV record prior to October 29, 2002, which occurred over eighteen years before the collision, was not only dated but also was substantially outweighed by the risk of prejudice.

Conclusion.  We discern no abuse of discretion in any of the trial judge's evidentiary rulings.  The judgment on the jury verdict is affirmed.

So ordered.

By the Court (Ditkoff, Englander & Walsh, JJ.[10]),

*[signature]*
Assistant Clerk

Entered:  January 25, 2024.

---

[10] The panelists are listed in order of seniority.