NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-100

SON TREME & another[1]

vs.

WAL-MART TRANSPORTATION, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Son Treme and Heather Treme,[2] individually and on behalf of her minor child with Son, brought claims in the Superior Court against the defendant, Wal-Mart Transportation, LLC (Wal-Mart), for negligence and loss of consortium. Following a trial, a jury found Wal-Mart negligent and awarded $1,424,102 to Son and $350,000 to the child for loss of consortium.  The plaintiffs filed a motion for additur or a new trial on the issue of damages, arguing that the improper exclusion of a medical report led to an abnormally low verdict.

---

[1] Heather Treme, individually and on behalf of her minor child.

[2] Because the parties share a last name, we refer to them by their first names.

The judge denied that motion by order dated July 8, 2024, and the plaintiffs appealed.  We affirm.

Background.  We summarize facts that the jury could have found.  On November 12, 2014, Son was driving on the highway when a tractor-trailer operated by an employee of Wal-Mart and owned by Wal-Mart struck Son's vehicle from behind.  The following day, Son sought medical treatment and was diagnosed with a concussion, cervical strain, and a wrist sprain.  He was prescribed diazepam and Percocet.  When Son filled those prescriptions at a CVS Pharmacy, he was accidentally given Prozac.  Son took the Prozac as directed.  On November 16, Son was standing in the kitchen when he became rigid and fell forward, striking his head on the floor.  Emergency medical providers responding to the scene believed that Son experienced a seizure.  In December 2016, Son and his wife at the time, Heather, brought this action against (as relevant here) Wal-Mart and CVS Pharmacy, Inc. (CVS).[3]  The complaint alleged negligence and loss of consortium, on behalf of Son and the plaintiffs' daughter, against Wal-Mart and CVS.[4]

---

[3] The plaintiffs' claims against the driver of the vehicle were dismissed by stipulation of the parties on February 1, 2023.

[4] The parties stipulated to a dismissal of Heather's claims for loss of consortium in her individual capacity on February 1, 2023.  The complaint additionally alleged breaches of warranty

Prior to trial, the plaintiffs retained Dr. Gregory O'Shanick, a neurology and neuropsychiatry expert, to testify about the nature, extent, and medical cause of Son's injuries. Dr. O'Shanick ordered advanced neurological imaging for Son, to occur at a SimonMed radiological facility in Nevada in February 2023. Dr. Travis Snyder, a neuroradiologist employed by SimonMed, prepared a report based on the results of the imaging (SimonMed report).

The plaintiffs sought to introduce the SimonMed report at trial pursuant to G. L. c. 233, § 79G. In October 2023, CVS filed a motion in limine to preclude such admission (motion to preclude). The judge reserved ruling on the motion until trial. On November 28, 2023, after the jury heard testimony of Dr. O'Shanick interpreting the SimonMed report, CVS renewed its motion to preclude the SimonMed report. The judge allowed CVS's motion on two grounds: first, because there was no evidence that Dr. Snyder had "treated or examined" Son, see Ortiz v. Stein, 31 Mass. App. Ct. 643, 645 (1991); and second, because the judge interpreted § 79G to require nonhospital records be certified by the attending physician, whereas the SimonMed report was certified only by an authorized agent of SimonMed.

_____

and a violation of G. L. c. 93A against CVS, but these claims did not reach the jury.

3

On December 12, 2023, the jury returned verdicts finding that Wal-Mart and CVS were liable to Son for negligence and assessing $1,424,102 for Son's damages and $350,000 for the minor child's loss of consortium.[5]  On February 16, 2024, after accounting for reductions pursuant to G. L. c. 231B, § 4 (a), for amounts previously paid by CVS as a joint tortfeasor, judgment for Son and Heather on behalf of the minor child entered, against Wal-Mart, for zero dollars.

On February 26, 2024, the plaintiffs served a motion for additur, or in the alternative for a new trial on the issue of damages, arguing that the exclusion of the SimonMed report was prejudicial error resulting in an "abnormally low" jury award. On July 8, 2024, the judge denied the plaintiffs' motion on the same grounds he previously cited for allowing CVS's motion to preclude.  Additionally, the judge found that even if the exclusion of the SimonMed report was in error, no prejudice resulted to the plaintiffs.

Discussion.  We review a trial judge's evidentiary decisions under an abuse of discretion standard.  N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363 (2013).  Abuse of discretion is also the standard that applies to our review of a trial judge's decision on a motion for

---

[5] On February 1, 2024, the plaintiffs entered into a settlement with CVS, and CVS is not a party to this appeal.

4

additur or for a new trial on damages.  Tocci v. Tocci, 490

Mass. 1, 14 (2022).  For a jury's award to warrant disturbance,

"[t]he inadequacy of the award of damages must descend to the

level of unreasonableness, such that a miscarriage of justice

[would] result if the verdict were to stand" (quotations

citations omitted).  Id.  We recognize that "[t]he field of

discretion of the trial judge in these matters is very broad,

[and] only in exceedingly rare cases will we conclude that [an

abuse of discretion occurred]" (quotations and citations

omitted).  Id. at 14-15.

The plaintiffs argue that the judge committed prejudicial

error by precluding the admission of the SimonMed report under

G. L. c. 233, § 79G.  We need not address the admissibility of

the SimonMed report under § 79G because, even assuming error, we

conclude the plaintiffs have failed to demonstrate that the

exclusion of the report "injuriously affected the[ir]

substantial rights."  G. L. c. 231, §§ 119, 132.  The plaintiffs

have not shown that the admission of the report "could have made

a material difference" in the jury's award of damages.  DeJesus

v. Yogel, 404 Mass. 44, 48 (1989).

We are unpersuaded by the plaintiffs' arguments that the

exclusion of the SimonMed report prevented Son from rebutting

the numerous other radiology reports admitted in evidence and

prejudiced his cross-examination of CVS and Wal-Mart's expert witnesses.

Although the SimonMed report itself was not admitted in evidence, the jury heard the relevant substance of the report through the prerecorded expert testimony of Dr. O'Shanick. During the plaintiffs' examination of Dr. O'Shanick, the jury were able to view various magnetic resonance images (MRIs) and slides from the SimonMed report while Dr. O'Shanick interpreted those images. Dr. O'Shanick opined that the asymmetrical scarring and hyperintensities in Son's left frontal lobe visible in the images were consistent with Son's injuries "to the left side that he had with the TMJ originally[6] as well as the left impact to his head when he hit the floor." Dr. O'Shanick further opined that "to a reasonable degree of medical certainty," the "lesions were caused by the concussions of November 12th and November 16th." The jury could reasonably conclude from Dr. O'Shanick's testimony that the SimonMed report was objective medical evidence corroborating the plaintiffs' theory of the case. To the extent that the SimonMed report was competent to rebut the other radiological reports reflecting

---

[6] The jury could infer that this was a reference to the whiplash injury sustained from the November 12, 2014 car accident.

6

"normal" and "unremarkable" findings, so too was the testimony of Dr. O'Shanick.

The plaintiffs give three examples of expert witnesses for CVS and Wal-Mart of whom their cross-examination was allegedly prejudiced by the exclusion of the SimonMed report. However, each of these experts -- Dr. Sumit Narayan Niogi, Dr. Michael Burns, and Dr. Joseph D'Alton -- testified after the jury heard the prerecorded testimony of Dr. O'Shanick.[7] That testimony was therefore part of the record, and the plaintiffs were free to make use of it in their cross-examinations. See Commonwealth v. Burgess, 450 Mass. 422, 435-436 (2008) (expert may testify, in response to hypothetical question or otherwise, to opinion that is based on evidence already admitted); Mass. G. Evid. § 611(b)(1) (2026) ("A witness is subject to cross-examination on any matter relevant to any issue in the case, including . . . matters not elicited during direct examination"). The plaintiffs have failed to identify any instance where their cross-examination strategy depended on the availability of the

---

[7] Dr. O'Shanick's testimony was recorded on October 16, 2023, and played for the jury on November 16 and 20, 2023. Dr. Niogi testified on November 22, 2023, and stated that he had reviewed the testimony of Dr. O'Shanick. Dr. Burns and Dr. D'Alton testified on November 30, 2023.

SimonMed report itself, as opposed to the recorded testimony of Dr. O'Shanick.[8]

The plaintiffs further argue that Dr. O'Shanick's testimony did not "erase the harm" from excluding the SimonMed report because jury deliberations began seventeen days after Dr. O'Shanick's testimony was played and the jury sent a note to the judge asking, "[d]o we have access to the reports submitted by expert witnesses?" This argument lacks merit. The jury's question did not express a specific interest in the SimonMed report. Furthermore, we share the judge's skepticism that a jury of laypersons could derive value from independently reviewing the highly technical SimonMed report without the interpretive aid of a medical expert. If, as the plaintiffs suggest, the passage of seventeen days had led the jury to desire a refresher on the substance of Dr. O'Shanick's testimony, then the jury could have asked the judge to permit them to review that testimony and the judge would have had broad discretion to do so. See Commonwealth v. Richenburg, 401 Mass. 663, 675 (1988). Here, the jury made no such request.

---

[8] Additionally, our evaluation of the plaintiffs' argument is inhibited by the plaintiffs' failure to supply us with the transcripts of the cross-examinations at issue. Mass. R. A. P. 18 (a), (b) (4), as appearing in 481 Mass. 1637 (2019). See Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995) (appellant has obligation to include parts of trial transcript which are essential for review of issues raised on appeal).

Conclusion.  For the foregoing reasons, we conclude that even if there was error in allowing the motion to preclude the SimonMed report, the plaintiffs have not shown the requisite prejudice to warrant disturbing the jury's award of damages. Accordingly, the judge did not abuse his discretion in denying the plaintiffs' motion for additur or a new trial on damages.

Judgment affirmed.

Order dated July 8, 2024, affirmed.

By the Court (Walsh, Toone & Tan, JJ.[9]),

Clerk

Entered:  June 3, 2026.

---

[9] The panelists are listed in order of seniority.